## Elleanor Puntenney, Appellee, v. Pauline R. Mantle, Appellant.

## Gen. No. 7,683.

1. CORPORATIONS—*tender back of same stock essential to recover price under Securities Act.* In an action of assumpsit brought under the Securities Act, Cahill's Ill. St. ch. 32, ¶ 254 et seq., to recover money paid for corporate stock sold without compliance with the Act, where complainant purchased 30,000 shares of stock in a certain company from defendant and another person, and upon reorganization of the company exchanged them for 2,250 shares in the new company, the tender of the latter shares was not a sufficient tender under section 37 of the Act, Cahill's Ill. St. ch. 32, ¶ 254 et seq., and the instructions which directed a verdict for plaintiff should have embraced the element of tender of the same stock as a necessary element to entitle plaintiff to recover.

2. STATUTES—*when construction by extrinsic aid improper.* The meaning of a statute being clear and its words being free from ambiguity and doubt, other means of interpretation cannot be resorted to.

Appeal by defendant from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1923. Reversed and cause remanded. Opinion filed April 30, 1924.

ELMER A. PERRY and F. P. DRENNAN, for appellant.

A. M. FITZGERALD and NOAH GULLETT, for appellee;
W. A. RUEGG, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the
court.

Elleanor Puntenney, the appellee, brought this ac-
tion in assumpsit in the Circuit Court of Sangamon
county to recover from the appellant, Pauline R.
Mantle, the amount paid by her in the purchase of
certain securities, which she claimed she was induced
to purchase by the appellant. The declaration alleges
that the appellee purchased a thousand shares of
stock of the Consumers Oil & Shale Company, which
were "Class D" securities; and that the company
mentioned had not qualified under the Securities Law
[Cahill's Ill. St. ch. 32, ¶ 254 *et seq.*] referred to, to
sell such securities; and that the appellant in making
such sales acted as agent or solicitor of the company,
in making such sale to her, of the shares of stock
mentioned. It is also alleged in the declaration that
the appellant, acting for and on behalf of the Central
Oil & Shale Refining Company, and as agent thereof,
sold to her 30,000 shares of the stock of the Central
Oil & Shale Refining Company, and that the appellant
had not complied with the requirements of the Se-
curities Law [Cahill's Ill. St. ch. 32, ¶ 254 *et seq.*]
mentioned, to act as agent or broker for the sale of
"Class D" securities. Upon the trial of the case,
there was a verdict and judgment against the appel-
lant for the sum of $1,100. This appeal is prosecuted
from the judgment.

The appellee testified that she purchased the secu-
rities in question at the instance of the appellant, who
procured the stock for her from the respective com-
panies referred to in the declaration; that the appel-

lant sold her 1,000 shares of the stock of the Consumers Oil & Shale Company for $90 in September, 1919; and that she paid her by check for the same, and the stock was afterwards delivered to her by the appellant; that about September 19, 1919, the appellant sold her 10,000 shares of the stock of the Central Oil & Shale Refining Company for $500, which she paid for by check; and this stock was afterwards delivered to her by the appellant; that about September 27, 1919, the appellant sold her 10,000 shares of stock in the same company for $300, which she paid for by check to the appellant; and the appellant afterwards delivered the stock to her; and that about November 28, 1919, she purchased 10,000 additional shares in the same company for $350, which she paid for by check, delivered to the appellant, who afterwards delivered to her the stock sold; that she also purchased 15,000 more shares of the stock in the same company from Mrs. Rutledge, a cousin of the appellant, at five cents per share, which made the total number of shares acquired by her in the Central Oil & Shale Refining Company 45,000. It also appears in evidence that at the time of the sale to appellee of the stock in the Consumers Oil & Shale Company that the company was an Arizona corporation, and had not qualified under the Act referred to for the sale of "Class D" securities; but that the Central Oil & Shale Refining Company had qualified on August 15, 1919, for the sale of its stock, and was qualified during the time of the sales made to the appellant under the Act referred to, to sell its stock as "Class D" securities. It also appears in evidence that, after the sales of stock mentioned, the Central Oil & Shale Refining Company reorganized into the Central Oil & Shale Company; and that the appellee thereafter exchanged the 30,000 shares of the stock of the Central Oil & Shale Refining Company which the appellant had sold her, and 15,000 shares of stock in the same

company which she had purchased from Mrs. Rut-
ledge, for 2,250 shares of stock in the reorganized
company; and at the time of the trial she held and
owned this certificate for the 2,250 shares of stock in
the reorganized company. She made a tender in open
court to the appellant of the original 1,000 shares in
the Consumers Oil & Shale Company; also tendered
to the appellant the certificate of stock for the 2,250
shares of the stock of the Central Oil & Shale Com-
pany in place of the original 30,000 shares which she
had purchased from appellant.

One of the questions raised on appeal relates to the
legal sufficiency of the tender of the 2,250 shares of
the stock in the reorganized corporation. It is one
of the basic elements in the appellee's right to
recover back the amount paid for the stock, in sec-
tion 37 of the Securities Law [Cahill's Ill. St. ch. 32,
¶ 290], that the purchaser shall make a "tender to
the seller or in court of the securities sold, to the
purchaser." The appellee's right to recover is purely
statutory, hence all the conditions upon which that
right is based must be complied with before a recovery
can be had, and it is apparent that the stock embraced
in the certificate of the Central Oil & Shale Company
was not the same stock which the appellant had sold
to the appellee; but stock of a different character, dif-
ferent in amount and in value, and which the appellee
had received and accepted in exchange for not only
the stock which the appellant had sold her, but also
the stock which she had purchased from another per-
son. The statute clearly requires that the tender to
be made should be of the stocks sold, and not other
stock, or stock which the purchaser may have traded,
exchanged, or converted, for the stock sold. The
meaning of the statute is clear and its words are free
from ambiguity and doubt, therefore other means of
interpretation cannot be resorted to. *City of Decatur
v. German,* 310 Ill. 591. We are of the opinion that the

tender of the Central Oil & Shale Company's stock did not comply with the requirements of the statute. Inasmuch as the matter of the tender back of the same stock purchased was a material element in appellee's right to recover, the instructions, which directed a verdict, should have embraced this element to entitle appellee to recover. *Wilson v. Hartford Fire Ins. Co.*, 188 Ill. App. 181.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*