JOHN TOTH *et al.*, Plaintiffs-Appellants, *v.* WESTINGHOUSE ELEVATOR COMPANY *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 82—1678

Opinion filed May 24, 1983.

Russell H. Booth, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Alan H. Swanson, and Joseph A. Cari, Jr., of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

The principal issue raised in this appeal is whether an employer, Westinghouse Elevator Company (Westinghouse Elevator), that also manufactures the product resulting in plaintiff John Toth's (Toth) work-related injury, is shielded from a products liability action under the exclusive remedy provision of the Workers' Compensation Act

(Act). (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a).) The circuit court dismissed count I of the complaint, which set forth a products liability action against Westinghouse Elevator. This appeal proceeds from that dismissal order, which bore an appropriate Supreme Court Rule 304(a) finding. (87 Ill. 2d R. 304(a).) For the reasons which follow, we affirm.

Toth's complaint against Westinghouse Elevator and Sears, Roebuck & Company alleged certain injuries incurred while he was working as an elevator repairman at Sears Tower, Chicago. Count I alleged that on October 15, 1981, when Toth stepped onto a plywood platform in the hoistway of a double elevator, the platform dropped without warning. He fell several floors and was severely injured. Toth's injuries were alleged to have been the proximate result of defective elevator machinery and parts manufactured by Westinghouse Elevator and its failure to issue proper instructions for the use thereof.

Pursuant to Supreme Court Rule 362 (87 Ill. 2d R. 362), Toth moves to amend in this court count I to add the following allegations: Westinghouse Elevator and Westinghouse Electric Corporation were separate entities on the date that the allegedly defective elevator system was placed in the stream of commerce; sometime thereafter Westinghouse Electric Corporation acquired Westinghouse Elevator; and on the date of the alleged accident Westinghouse Electric Corporation and Westinghouse Elevator were related but separate corporations. Toth also requests that this court take judicial notice of the appearance and jury demand filed in the circuit court providing, "WESTINGHOUSE ELEVATOR COMPANY, a division of WESTINGHOUSE ELECTRIC CORPORATION."

In order to amend pleadings on appeal, the movant must show that: "the amendment [is] necessary, that no prejudice will result to the adverse party if the amendment sought is permitted, and that the issues sought to be raised by the amendment are supported by the facts in the record on appeal." (87 Ill. 2d R. 362(b).) The proposed amendment is not supported by the facts as they appear in the present record, but proposes to add allegations of facts allegedly discovered after judgment was entered. Significantly, the proposed amendment would not alter the problem of identifying separate entities in any event, since Toth does not allege in his proposed amendment which of the two entities manufactured the unsafe product or failed to disseminate the appropriate instructions as to its installation and use. The appearance mentioned above at most indicates that at the time of filing, Westinghouse Elevator was a division

of Westinghouse Electric. It does not provide a foundation for the specific allegations of fact sought to be added to count I. Accordingly, the motion to amend the pleadings must be denied.[1] *Genaust v. Illinois Power Co.* (1975), 62 Ill. 2d 456, 462, 343 N.E.2d 465.

Turning to the merits of the controversy, Toth contends that count I of the complaint states a cause of action under the doctrine of dual capacity. He maintains that since his action is against Westinghouse Elevator in its second capacity as manufacturer of an allegedly defective product, his suit is not precluded by the exclusive remedies provision of the Workers' Compensation Act. (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a).) That act, however, was designed to place the cost of workmen's injuries on industry rather than on the injured employee or general public. (*Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 326; *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 356, 423 N.E.2d 876.) The Act imposes liability upon the employer for injuries arising during the course of employment regardless of defenses of comparative negligence or assumption of risk. Balanced against the imposition of no-fault liability is the exclusive remedies provision providing the employer with immunity from common law and statutory actions brought by employees for injuries sustained during the course of employment. *Sharp v. Gallagher; McCormick v. Caterpillar Tractor Co.*

A limited exception to the exclusive remedy provision developed, known as the doctrine of dual capacity, the parameters of which have been recently modified. Formerly, it was held that an employer normally immune from tort liability by the exclusive remedy provision would be liable in tort to his employee if he occupied, in addition to his capacity as employer, a second role that conferred on him obligations independent of and unrelated to those imposed on him as employer. (*McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 357; *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 318, 396 N.E.2d 524; 2A A. Larson, Workmen's Compensation sec. 72.80, at 14—112 (1976).) In some jurisdictions this formulation of the doctrine proved subject to abuse, and threatened to eradicate the exclusive remedy principle. (2A A. Larson, Workmen's Compensation sec. 72.81, at 14—229, 14—230 (1982).) Perhaps in anticipation of this potential abuse, our supreme court in *Sharp v. Gallagher* al-

---

[1]Toth also moves this court to take judicial notice of an amendment to the lawsuit filed against Westinghouse Electric on October 18, 1982, consisting of new count VII. Given our disposition of Toth's motion to amend pleadings and the absence of any effort to incorporate those allegations into count I, this motion would be unavailing and also must be denied.

tered the analytical vortex of the doctrine. In *Sharp*, the court shifted the doctrine's focus from whether the employer occupied a second, independent role to an exclusive concern with whether the controversy involved separate legal entities or *persona*. (*Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 326-28.) Under the latter formulation, an employer may become liable in tort to his employee if "he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person." 2A A. Larson, Workmen's Compensation sec. 72.81, at 14—229 (1982).

■ Count I of the complaint before us is nonactionable since it merely alleges a separate theory of liability against a single legal entity, Westinghouse Elevator. (See *Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 328; *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 319; *Winkler v. Hyster Co.* (1977), 54 Ill. App. 3d 282, 369 N.E.2d 606.) This decision is in consonance with the majority of American courts holding that an employer who is also the manufacturer of a product used in the course of employment is not liable in damages to his own employee in a products liability suit. 2A A. Larson, Workmen's Compensation sec. 72.83, at 14—239 (1982).

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.