RICHARD BOLDON, Plaintiff-Appellant, v. SAM V. CHIAPPA *et al.,* d/b/a Firearms Unlimited, a Partnership, Defendants-Appellees.

Fourth District   No. 4—85—0317

Opinion filed February 4, 1986.

Arnold F. Blockman, of Hatch, Blockman, McPheters & Fehrenbacher, of Champaign, for appellant.

Foran, Wiss & Schultz, of Chicago (Richard G. Schultz, Jeffrey C. Blumenthal, and Carl A. Gigante, of counsel), for appellees.

JUSTICE MORTHLAND delivered the opinion of the court:

This appeal involves a curiously labeled securities case. We reverse.

Plaintiff, Richard Boldon, brought suit to recover, pursuant to the Illinois Securities Law of 1953 (Act) (Ill. Rev. Stat. 1983, ch. 121½, par. 137.1 *et seq.*), money invested in defendants' business. Specifically, plaintiff sought rescission of an investment contract based upon the defendants' failure to comply with the filing requirements of section 4(G) of the Act (Ill. Rev. Stat. 1983, ch. 121½, par. 137.4(G)).

Certain sales of "securities" are made voidable under the provisions of the Act at the option of the purchaser, thereby creating a right of rescission. (Ill. Rev. Stat. 1983, ch. 121½, par. 137.13.) The circuit court of Champaign County, without any written explanation or conclusions of law, dismissed count I of the plaintiff's amended complaint with prejudice. This appeal followed.

On July 22, 1980, plaintiff and defendants entered into a written contract whereby plaintiff paid $5,000 as a "non-refundable investment" in the defendants' business, known as "Firearms Unlimited." In return, plaintiff was to receive as a commission 2½% of the monthly gross profits while in the defendants' employ. The contract also recited specific duties that the plaintiff, as employee, was to perform. Furthermore, the contract contained the following language:

"In consideration hereof, the employee is entitled to the following benefits:

(1) All currently produced firearms on a pre-ordered, pre-paid basis at dealer's costs plus handling and sales tax. Handling costs shall include among other costs such items as shipping costs, long distance telephone calls, etc.

(2) All currently made related items in the gun field at dealer costs plus handling and sales tax on a pre-ordered, pre-paid basis. Related items include. ammunition, cleaning kits, gun cases, etc."

Pursuant to the contract, plaintiff did in fact purchase firearms and ammunition from defendants during the years 1980 and 1981.

Apparently, the employment relationship between the parties deteriorated. In a letter dated April 23, 1982, plaintiff notified defendant of his election to rescind the contract. Plaintiff subsequently filed a complaint on June 24, 1982, to recover the amount paid under the contract plus interest and attorney fees. Plaintiff based his claim on the fact that defendant had failed to file a proper statement of their securities transaction pursuant to section 4(G) of the Act (Ill. Rev. Stat. 1983, ch. 121½, par. 137.4(G)).

As a matter of procedural history, defendant filed a motion to dismiss alleging plaintiff's failure to plead the requisite notice and tender requirements under the Act. The circuit court, on March 4, 1984, granted the defendants' motion. Plaintiff then filed count I of his amended complaint on March 22, 1984. This time plaintiff alleged that proper notice of election had been made within six months of learning that the sale was voidable. Nevertheless, the circuit court, on motion of the defendant, dismissed count I of the amended complaint.

Plaintiff filed a second amended complaint on June 14, 1984, un-

der which he alleged, among other things, that no securities were ever received from the transaction in question, and that plaintiff thereby tendered his only copy of the contract to the court. Plaintiff also, for the first time, made the following allegation:

> "No income or interest has been received by the Plaintiff on the securities in question. Plaintiff did, however, purchase various guns and ammunition under the agreement for various prices paid to the defendants. Plaintiff still has all the guns and ammunition purchased from the defendants under the agreement and stands ready, willing and able to tender said guns and ammunition into the Court in return for the return of the purchase prices by the Defendants."

The defendants subsequently filed another motion to dismiss, again contending that plaintiff had failed to meet the tender requirements of the Act. On February 1, 1985, the circuit court of Champaign County, without a written order, dismissed count I of the plaintiff's second amended complaint with prejudice. On April 24, 1985, upon motion of the plaintiff and over defendants' objection, count II as previously filed was dismissed without prejudice. Plaintiff then instituted this appeal.

■ We should note, first of all, that this matter is peculiarly characterized as a securities transaction. No securities of any form were ever issued. Plaintiff simply paid $5,000 to the defendant as an investment in the latter's business; plaintiff was then entitled to a certain commission, required to perform certain duties and responsibilities, and was able to purchase guns and ammunition at dealer's cost. In point of fact, neither party contests that this matter falls within the ambit of the Illinois Securities Law. Plaintiff calls our attention to, and we are cognizant of, the statutory definition of a security, which includes any "investment contract." (Ill. Rev. Stat. 1983, ch. 121½, par. 137.2—1.) Recognizing the agreement herein as an investment contract, we shall proceed accordingly.

Under section 4(G) of the Act, in effect both at the time of the complained-of transaction and the filing of the original complaint, all sales of securities made within a 12-month period to 24 or fewer persons were exempt from the State "Blue Sky" laws only if the issuer filed a mandatory report with the Secretary of State within 30 days of sale. (Ill. Rev. Stat. 1983, ch. 121½, par. 137.4(G).) Furthermore, section 12(D) provides that it is a violation of the Act to fail to file any required report. (Ill. Rev. Stat. 1983, ch. 121½, par. 137.12(D).) Such failure to file gives the buyer the right to declare the sale null and void, rescind the contract, and collect the money paid, so long as

the statutory notice and tender requirements are met. Ill. Rev. Stat. 1983, ch. 121½, pars. 137.13(A), (B).

It is uncontested that the defendants herein failed to file the mandatory report. Moreover, both parties agree that, but for the 4(G) filing requirement, plaintiff would have no cause of action whatsoever.

By Public Act 83—44 (effective January 1, 1984), the General Assembly amended section 4(G) so as to expressly eliminate a filing requirement. (1983 Ill. Laws 1085.) Defendants argue for a retroactive application of section 4(G), as amended, which would bar the plaintiff's cause of action. Defendants place great weight on the Interpretive Comments to the 1983 amendments as evidencing a legislative intent to repeal the aforementioned filing requirement. According to these comments, otherwise innocent defects in filing have heretofore resulted in "harsh and inequitable consequences"; thus, the report filing requirement has been eliminated to "ensure greater equity in the application of the Act and to eliminate what was a classic trap for the unwary." (Ill. Ann. Stat., ch. 121½, par. 137.4, Interpretive Comments, at 34 (Smith-Hurd Supp. 1985).) Defendants maintain that the instant rescission action is just the type which the legislature sought to abolish by amendment.

▪ Defendants' assertions in this regard are untenable for several reasons. Our review of the record below reveals that defendants at no time argued the possible applicability of section 4(G) as amended in the lower court; defendants have only raised this issue on appeal. It is well established, as plaintiff is quick to note, that issues raised for the first time on appeal normally may not be considered by an appellate court. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 303, 443 N.E.2d 575, 577.) Defendants' brief nonetheless calls this court's attention to the fact that the trial court did not specifically state any grounds for its dismissal with prejudice of count I of the second amended complaint. Citing *Glick v. Sabin* (1977), 53 Ill. App. 3d 96, 368 N.E.2d 625, defendants urge that a trial court's order dismissing a complaint should be affirmed if any grounds exist for such affirmance.

It is true that an appellee may defend a judgment by any argument and upon any basis appearing in the record, whether or not it was advanced at trial (*Village of Arlington Heights v. National Bank* (1977), 53 Ill. App. 3d 917, 369 N.E.2d 502), and a correct decision may be affirmed for any reason appearing in the record, regardless of the basis relied upon by the trial court (*U-Haul Co. v. Town of Cicero* (1980), 87 Ill. App. 3d 915, 410 N.E.2d 286). Yet a defendant may not raise on appeal defenses not interposed in its answer before the trial

court. (*Mendelson v. Lillard* (1980), 83 Ill. App. 3d 1088, 404 N.E.2d 964; *Local Union 134, International Brotherhood of Electrical Workers, AFL-CIO v. Chicago Transit Authority* (1979), 68 Ill. App. 3d 855, 386 N.E.2d 303.) Therefore, we believe the issue has in fact been waived: "[A] trial court cannot err on an issue which has not been presented to it for decision; for that reason, defenses not raised are waived." *Downes Swimming Pool, Inc. v. North Shore National Bank* (1984), 124 Ill. App. 3d 457, 462, 464 N.E.2d 761, 765.

■ In any event, even had the defendant raised the issue below, we believe that the law in effect at the time of the complained-of transaction would be dispositive of the issue. Our supreme court has held that an accused's violation of the Illinois Securities Law must be decided under the provisions of the Act in force at the time of the transaction. (*People v. Johnson* (1934), 355 Ill. 380, 189 N.E. 271.) The investment contract was entered into in 1980; the amendment did not take effect until 1984. Clearly, then, while the strict filing requirement is no longer required, it was still in effect at the time the report in this instance should have been filed, and therefore section 4(G) as it stood prior to amendment is applicable. Ill. Rev. Stat. 1981, ch. 121½, par. 137.4(G).

■ Furthermore, the amendment is not retroactive in application, as defendants have advanced. The general presumption is that a legislature intends a statute or amendment to operate prospectively only. (*Country Mutual Insurance Co. v. Knight* (1968), 40 Ill. 2d 423, 240 N.E.2d 612.) A law will not be applied retroactively unless the legislature has clearly and expressly stated its intention to that effect. (*McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 112, 419 N.E.2d 608, 609.) No such legislative intent has been expressed regarding this amendment. Furthermore, in construing the 1983 amendments in relation to a sale of shares which occurred in 1981, the appellate court has stated: "Since the amendments do not call for retroactive application, the law in effect at the time of the transaction must be dispositive of the issue presented." *Yohnka v. Darling Nells, Inc.* (1985), 136 Ill. App. 3d 309, 311, 483 N.E.2d 649, 650.

■ Therefore, the transaction under the contract was not exempt, and was in violation of the Act. We must now turn to the merits of the second amended complaint to determine whether plaintiff failed to meet the jurisdictional requirements of the Act because he failed to "tender" under it.

The Act requires that when a purchaser of a security elects to rescind the purchase because the seller in some way violated the Act,

the purchaser must give notice of his election to rescind to the seller within six months of learning that the sale is voidable. (Ill. Rev. Stat. 1983, ch. 121½, par. 137.13(B).) The purchaser must also tender to the seller or into court the securities sold "or, where the securities were not received, [the] contract made in respect of such sale ***." (Ill. Rev. Stat. 1983, ch. 121½, par. 137.13(A).) Recovery under the relevant provisions of the Act is "based on a rescission of the sale." *Glen v. Dodson* (1932), 347 Ill. 473, 479, 180 N.E. 393, 395.

██ The fundamental purpose of a tender requirement in rescission actions generally, and under the Act specifically, is to establish that plaintiff can comply within an essential condition in any rescission: namely, that the shares be returned in exchange for the original consideration. (*Tobey v. Sundling* (1974), 25 Ill. App. 3d 205, 210, 323 N.E.2d 30, 35.) Damages are not available as a remedy under the Act; thus, a plaintiff "must stand ready at all times to return the securities." (*Tobey v. Sundling* (1974), 25 Ill. App. 3d 205, 210, 323 N.E.2d 30.) Moreover, Illinois courts have consistently interpreted the mandatory requirement of tender to be an absolute condition precedent to recovery. *Weisbrod v. Lowitz* (1935), 282 Ill. App. 252; 25 Ill. L. & Prac. *Licences* sec. 114, at 141 (1956).

Plaintiff contends that he has in fact adhered to the statutory tender requirement for rescission. He alleges, first, that at no time did he ever receive any stock from the defendants; thus, under the Act, where no securities are received the purchaser must tender "any contract made in respect of such sale," and he did in fact tender a copy of the investment contract to the court.

Second, plaintiff urges that he has sufficiently pleaded that no income or interest on "securities" was ever received by him. Plaintiff admits that he did purchase guns and ammunition from the defendants during 1980 and 1981. He maintains that these items do not represent income or other amounts received on "securities" within the meaning of the Act, but rather merely represent purchases made. Finally, he contends that, even should the guns and ammunition in question be regarded as consideration or income, he has nevertheless substantially complied with the statutory requirements for tender. Plaintiff notes his allegation contained in the second amended complaint that he stands "ready, willing and able to tender" the guns and ammunition into the court in return for the purchase price. Plaintiff concludes that, should tender of the guns and ammunition be required, he has properly alleged that these items are available and would be tendered to the court.

Defendants, on the other hand, apparently urge an interpretation

of the Act in which a tender, or an offer to return all consideration received, must be made within the initial six-month statutory time period for notice of election to rescind. Defendants cite *Tobey v. Sundling* (1974), 25 Ill. App. 3d 205, 211, 323 N.E.2d 30, 35, in which the court stated: "To be entitled to rescind the contract of sale the buyer must first comply with conditions precedent, such as by returning or offering to return the goods to the seller ***." Defendants also argue that "an offer to return property received thereunder must be made before an attack on the contract" is undertaken, citing 17A C.J.S. *Contracts* sec. 439, at 550 (1963). Defendants then maintain that, reading section 13(B) in conjunction with section 13(A), a purchaser must comply with the condition precedent of offering to return the contract consideration within the six-month election period before he can attack the contract. Ill. Rev. Stat. 1983, ch. 121½, pars. 137.13(A), (B).

We do not agree with the reading of the statute advanced by the defendant. There is no indication that both notice of election and tender must be made within six months of knowledge of voidability. Moreover, the case of *Bultman v. Bishop* (1983), 120 Ill. App. 3d 138, 457 N.E.2d 994, is particularly relevant on this point. In *Bultman,* the court stated that "the statute establishes no time limit on *tender* as it does on notice." (Emphasis added.) (120 Ill. App. 3d 138, 142, 457 N.E.2d 994, 997.) Continuing, the *Bultman* court found:

"Tender must be made of the identical shares purchased (*Puntenney v. Mantle* (1924), 234 Ill. App. 137), and all shares purchased (*Glen v. Dodson* (1932), 347 Ill. 473, 180 N.E. 393). Tender may be made to the sellers before trial (*Gowdy v. Richter* (1974), 20 Ill. App. 3d 514, 314 N.E.2d 549) or at trial (*Morrison v. Farmers Elevator Co.* (1925), 319 Ill. 372, 150 N.E. 330; *Weisbrod v. Lowitz* (1935), 282 Ill. App. 252). Once made, it must be held open up to the time of judgment. (*Tobey v. Sundling* (1974), 25 Ill. App. 3d 205, 323 N.E.2d 30.) Of course, the tender need not be made to the seller at all but may be made directly to the court. Ill. Rev. Stat. 1981, ch. 121½, par. 137.13(A)." 120 Ill. App. 3d 138, 143, 457 N.E.2d 994, 997.

To summarize, then, we fail to see what plaintiff has done wrong in maintaining his cause of action under the Illinois Securities Law. No securities were ever issued; plaintiff has tendered to the court his copy of the investment contract in apparent literal compliance with the Act. We also fail to recognize how guns and ammunition can be viewed as securities for purposes of the Act. In any event, both the statute and case law recognize that tender of securities can

be made to the court before trial or during trial, so long as such tender is kept open until judgment. Plaintiff has, in the alternative, made an offer to tender the guns and ammunition into the court. Even were we to accept the proposition that firearms are securities, dismissal of the plaintiff's action is premature.

Defendants seem to juxtapose principles of contract law with requirements under the Act in defending this action. The fact of the matter is that, considering this cause of action as arising under the Act, plaintiff has done everything he was required to do. We thus shall not deal with defendants' argument that plaintiff has waived his right to rescind, as the cases cited by defendants deal with situations under the Act wherein a purchaser of securities is unable to tender the exact securities purchased *in toto*. Nor shall we discuss defendants' argument that rescission is improper here because it would not return the parties to *status quo* due to the fact that firearms rapidly diminish in value after their sale. We only note that evidence could easily be brought forth at trial concerning their present value, with allowances made for depreciation.

Accordingly, we hold that the trial court was in error when it dismissed count I of the plaintiff's second amended complaint seeking rescission under the Illinois Securities Law, and we reverse and remand for further proceedings.

Reversed and remanded.

GREEN and WEBBER, JJ., concur.