KENNETH C. FRANTZVE *et al.*, Plaintiffs-Appellants, v. WILLIAM J. JOSEPH *et al.*, Defendants-Appellees.

First District (4th Division)   No. 86—0099

Opinion filed December 18, 1986.

John H. Barcelona, Ltd., of Oak Lawn (Jeffrey A. Kripton, of counsel), for appellants.

Steven J. Teplinsky, of Fagel, Haber & Maragos, of Chicago, for appellee William J. Joseph.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Richard H. Donohue, Richard B. Foster III, and Donald J. Hayden, of counsel), for appellee Patrick A. Parisi.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Kenneth C. Frantzve *et al.*, appeal the decision of the trial court dismissing their complaint for failure to file it within the required time. Plaintiffs present the following arguments for review: (1) the trial court erred in finding that counts I and II of their complaint were barred by the three-year statute of limitations under the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1985, ch. 121½, par. 137.1 *et seq.*), and (2) the trial court abused its discretion in dismissing counts I and II with prejudice without allowing them an opportunity to amend the complaint.

We affirm.

The pertinent facts are that plaintiffs entered into a joint venture, known as "The Grainery," with defendants. Each of the plaintiffs purchased an interest and became a partner in the joint-venture agreement for investment in real estate between August 1980 and March 1, 1982. Between 1982 and 1985, The Grainery suffered financial losses. On May 17, 1985, plaintiffs filed a multicount complaint in chancery against defendants in which they requested the trial court to rescind the agreement between them and defendants, William J. Joseph and Patrick Parisi. Plaintiffs based their claim for rescission upon alleged fraudulent misrepresentations by defendants and other activities that they asserted violated various sections of the Illinois Securities Law of 1953 (the Act) (Ill. Rev. Stat. 1985, ch. 121½, par. 137.1 *et seq.*). The trial court dismissed count I for rescission against Joseph and count II for rescission against Parisi, finding that plaintiffs' claims were barred by the three-year statute of limitations of the Act (Ill. Rev. Stat. 1985, ch. 121½, par. 137.13(D)). Plaintiffs now appeal from the dismissal of their securities claims against defendants and, alternatively, seek leave to amend their complaint to state a proper cause of action under the Act.

Plaintiffs first argue that the trial court erred in finding that the "date of sale" was the date of execution of the amended joint-venture agreement. Section 13(D) of the Act contains the following:

"No action shall be brought for relief under this Section or upon or because of any of the matters for which relief is granted by this Section after 3 years from the date of sale ***." Ill. Rev. Stat. 1985, ch. 121½, par. 137.13(D).

Illinois courts have carefully defined the "date of sale" for purposes of determining the date upon which the limitations period is triggered for claims under the Act. (See *James v. Erlinder Manufacturing Co.* (1979), 80 Ill. App. 3d 4, 398 N.E.2d 1225; *Levine v. Unruh* (1968), 99 Ill. App. 2d 94, 240 N.E.2d 521; *Silverman v. Chicago Ramada Inn, Inc.* (1965), 63 Ill. App. 2d 96, 211 N.E.2d 596.) In considering what constitutes the date of sale, the court has focused upon the date on which the plaintiff acquires a legal interest in the alleged securities and the date when the rights of the parties to the transaction are fixed. *(James v. Erlinder Manufacturing Co.* (1979), 80 Ill. App. 3d 4, 8, 398 N.E.2d 1225; *Levine v. Unruh* (1968), 99 Ill. App. 2d 94, 97, 240 N.E.2d 521; *Silverman v. Chicago Ramada Inn, Inc.* (1965), 63 Ill. App. 2d 96, 101-02, 211 N.E.2d 596.) The trial court determined that the date of sale for all plaintiffs occurred on or before March 1, 1982. Thus, it concluded plaintiffs were required to file their claims against defendants before March 2, 1985. We agree.

■ We conclude that the court's analysis and finding in *Levin v. Unruh* (1968), 99 Ill. App. 2d 94, 240 N.E.2d 521, are dispositive of this appeal. In *Levine*, the plaintiff entered into an agreement with the defendant for the purchase of an interest in an oil lease. In consideration thereof, the plaintiff made an initial purchase payment on the date of the agreement and subsequently made a series of installment payments. In rejecting the plaintiff's contention that the date of sale was the date of the final installment payment, the court held that the statute of limitations began to run on the date the plaintiff executed the agreement and made the initial payment. In so holding, the court emphasized that the plaintiff acquired a legal interest in the oil lease on the date of the agreement because he was entitled to share in all profits thereafter. 99 Ill. App. 2d 94, 97, 240 N.E.2d 521.

Similarly, plaintiffs in this case acquired a direct and unqualified legal interest in the joint venture at the time of the execution of the agreement and payment of the purchase price. Here, the execution of the agreement and payment of the purchase price occurred on or before March 1, 1982, for all plaintiffs. This complaint was filed on May 17, 1985. As in *Levine*, plaintiffs here were entitled to share in any profits realized from this investment upon execution of the agreement and payment of the purchase price for the individual interest. Furthermore, the fact that plaintiffs were responsible for the payment of all subse-

quent maintenance expenses, taxes, and improvements relating to the operation of The Grainery provides further support that plaintiffs acquired a direct and complete legal interest upon execution of the agreement and payment of the purchase price.

■ Plaintiffs next contend that they alleged sufficient facts to invoke the equitable tolling doctrine. A review of the record indicates plaintiffs did not argue or present this theory before the trial court. A party cannot on appeal rely on theories that were not raised before the trial court. (*Woman's Athletic Club v. Hulman* (1964), 31 Ill. 2d 449, 454, 202 N.E.2d 528, 530-31.) Thus, plaintiffs' equitable tolling argument is not properly before this court, and we will not review it.

■ Plaintiffs next contend that the trial court abused its discretion in dismissing counts I and II of their complaint without allowing them leave to amend. A review of the record indicates that plaintiffs never sought leave to amend their complaint before the trial court and never proposed any amendment to the complaint to the trial court. Illinois courts have demanded that a plaintiff offer an amendment to the trial court before a plaintiff can request a review of the trial court's discretion in not allowing an amendment to a complaint. (See *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 170 N.E.2d 147, *cert. denied* (1961), 365 U.S. 879, 6 L. Ed. 2d 191, 81 S. Ct. 1029.) Because plaintiffs made no motion to amend at any time prior to the trial court's dismissal with prejudice, the plaintiffs have no right to amend their complaint; thus, they have waived any right to question the trial court's holding in this regard. *Flannery v. Marathon Oil Co.* (1979), 75 Ill. App. 3d 690, 694, 394 N.E.2d 706, 709.

■ Plaintiffs lastly request that this court grant them leave to amend their complaint to present additional facts demonstrating an active concealment by defendants and to raise new theories in the event this court affirms the trial court ruling. Plaintiffs cannot supplement the record on appeal with new facts not considered by the trial court nor may they seek to amend their complaint after judgment has been entered at the trial level, other than to conform the pleadings to the proof. (See *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417; *Toth v. Westinghouse Elevator Co.* (1983), 114 Ill. App. 3d 905, 449 N.E.2d 1005.) Thus, we cannot grant plaintiffs' request to amend their complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW and McNAMARA, JJ., concur.