**Jana Lynn DAVENPORT,
Plaintiff–Appellant,**

v.

**A.C. DAVENPORT & SON CO.,
Leonard Kravets, and Herman
Miller, Defendants–Appellees.**

**No. 89–2182.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 16, 1990.

Decided June 5, 1990.

Nicholas P. Iavarone, Joel J. Bellows, Bellows & Bellows, Chicago, Ill., for plaintiff-appellant.

Marshall L. Blankenship, Keck, Mahin & Cate, Ill., Arthur J. McGivern, Kenneth D. Greisman, Richard F. Zehnle, Diane M. Kehl, Vedder, Price, Kaufman & Kammholz, Ill., George W. Spellmire, David A. Donna, Susan A. Tweet, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, David S. Fleming, Schaefer, Rosenwein & Fleming, Joshua G. Vincent, Chicago, Ill., for defendants-appellees.

Before CUMMINGS and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

In November of 1977 the plaintiff, Jana Lynn Davenport, and her husband Frank agreed to terminate their marriage and divide their property through divorce. Toward that end, Frank Davenport engaged the services of the family attorney Leonard Kravets. Upon Kravets' recommendation, Jana Lynn hired Matthew Salita to represent her interests. In addition, the family accountant Herman Miller was employed to assist in the drafting of the settlement agreement. In April of 1978, the Davenports completed their divorce settlement agreement which in May of that year was made part of the state judgment dissolving the marriage. In connection with the negotiation of the settlement agreement, the Davenports divided 330 shares of A.C. Davenport stock which they held in joint tenancy. The corporation then redeemed her stock for $165,000; this sum represented the stock's book value less a 25% "minority discount".

Six years later Jana Lynn learned that A.C. Davenport was being sold for $3,000,-000. Confident that a threefold increase in value could not possibly be attributable to appreciation, in July of 1984 Jana Lynn sued A.C. Davenport & Son Co., its attorney Kravets and its accountant Miller alleging that in connection with the July 1978 stock redemption Kravets and Miller planned and executed an elaborate scheme to defraud her of the true value of her interest in A.C. Davenport & Son Co. Her three count amended complaint alleged violations of the antifraud provisions of the Securities Exchange Act of 1934,[1] RICO [2] and Illinois breach of fiduciary duty. Her failure to file within the appropriate time period was not attributed to her own lack of diligence but instead to her alleged fiduciary relationship with Kravets and Miller who "lulled" her into believing that she had sold her shares for their fair value. The district court, finding insufficient facts to merit tolling, dismissed her federal securities and RICO counts as time barred;[3] the pendent state law claim accordingly fell under *United Mine Workers v. Gibbs.*[4] Because we agree that the plaintiff failed to plead facts sufficient to toll the running of the applicable statutes of limitation we need not and do not decide whether the plaintiff's RICO count alleged a pattern of racketeering activity. Accordingly, we affirm the district court's dismissal of the federal claims as time barred and the consequent dismissal of her pendent state law claim for want of jurisdiction.

## I.

### The Securities Fraud Claim

Because there is no explicit federal statute of limitations for private actions under 10b–5, the rule in the Seventh Circuit is that the statute of limitations applicable to the state blue sky law must be borrowed to determine the relevant limitation period. *Andrews v. Heinold Commodities Inc.,* 771 F.2d 184, 186 (7th Cir.1985); *Suslick v. Rothschild Securities Corp.,* 741 F.2d

1. 15 U.S.C. § 78b and Rule 10b–5.

2. 18 U.S.C. § 1961(4).

3. The plaintiff's RICO count was also dismissed for failing to allege the requisite pattern of racketeering activity.

4. 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

1000, 1004 (7th Cir.1984); *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123, 125–27 (7th Cir.1972); *but see Norris v. Wirtz*, 818 F.2d 1329, 1332 (7th Cir.1987); *In re Data Access Systems Securities Litigation*, 843 F.2d 1537 (3rd Cir.1988). In this case the period is three years. The applicable Illinois blue sky statute provides in relevant part that:

> [n]o action shall be brought for relief under this section … after three years from the date of sale …

Ill.Rev.Stat. ch. 121½, ¶ 137.13 D (Smith–Hurd 1960).[5]

The statute begins to run, "on the date the sale of the instrument is completed." *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1005 (7th Cir.1984). For purposes of determining the date upon which the limitations period is triggered under ¶ 137.13 D, Illinois courts have defined the "date of sale" as the date on which the defendant acquires a legal interest in the alleged securities and the date when the rights of the parties to the transaction are fixed. *See Frantzve v. Joseph*, 150 Ill.App.3d 850, 104 Ill.Dec. 133, 502 N.E.2d 396 (1986); *James v. Erlinder Manufacturing Co.*, 80 Ill.App.3d 4, 35 Ill. Dec. 275, 398 N.E.2d 1225 (1979); *Levine v. Unruh*, 99 Ill.App.2d 94, 240 N.E.2d 521 (1968); *Silverman v. Chicago Ramada Inn, Inc.*, 63 Ill.App.2d 96, 211 N.E.2d 596 (1965).

In this case the "date of sale" which triggered the running of the three year statute of limitations occurred on July 1, 1978; this was the day upon which the plaintiff exchanged her stock for a promissory note issued by the corporation. Since the plaintiff's original complaint was filed on July 13, 1984, over six years after the statute of limitations began running, her action is clearly time barred unless her complaint alleges facts sufficient to invoke rules of equitable tolling which would operate to delay the 1978 running of the limitations period.

## A.

Prior to a line of decisions in the Supreme Court holding that when a federal court borrows a state's statute of limitations it takes the tolling rules as well,[6] the law of this circuit was clear that federal common law determined the circumstances which would equitably toll a borrowed limitations period. *Tomera v. Galt*, 511 F.2d 504, 509 (7th Cir.1975); *Sperry v. Barggren*, 523 F.2d 708, 710 (7th Cir.1975); *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123, 125–127 (7th Cir.1972). Since then, however, some doubt exists as to whether both state and federal tolling rules operate to toll the borrowed limitations period, or whether the *Tomanio* line of cases exclusively permit the operation of state tolling rules. *See Cange v. Stotler & Co.*, 826 F.2d 581, 585–86 (7th Cir.1987); *Hemmings v. Barian*, 822 F.2d 688, 690–691 (7th Cir. 1987); *Norris v. Wirtz*, 818 F.2d 1329, 1331 (1987); *Suslick v. Rothschild*, 741 F.2d 1000, 1004 (7th Cir.1984). Since any combination of tolling rules fails to rescue the plaintiff's complaint from dismissal for want of jurisdiction because untimely, we express no opinion as to whether state, federal, or a hodgepodge of state and federal tolling rules operates to toll the period

---

**5.** It should be noted that in 1985 ¶ 137.13 D was amended to add tolling provisions and a two year statute of repose. However, these amendments are not applicable to the plaintiff's claim. In Illinois it is well settled that absent an express statement from the legislature, amendments to statutes will not be applied retroactively. *See e.g. Boldon v. Chiappa*, 140 Ill. App.3d 913, 918, 95 Ill.Dec. 54, 58, 489 N.E.2d 6, 10 (4th Dist.1986). In addition Illinois law provides generally that an amendment extending a statute of limitations cannot act retroactively to revive a cause of action which has already been barred by the original limitations period. *Conner v. Copley Press, Inc.*, 99 Ill.2d 382, 388, 76 Ill.Dec. 820, 822, 459 N.E.2d 955, 957 (1984).

Since the plaintiff's cause of action was filed in 1984 and the Illinois legislature indicated only that the statutory amendment became effective as of January 1, 1986, the old statute of limitations must apply.

**6.** *Hardin v. Straub*, —— U.S. ——, 109 S.Ct. 1998, 2000–2001, 104 L.Ed.2d 582 (1989); *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985); *Board of Regents v. Tomanio*, 446 U.S. 478, 483–486, 100 S.Ct. 1790, 1794–1796, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency*, 421 U.S. 454, 463–464, 95 S.Ct. 1716, 1721–1722, 44 L.Ed.2d 295 (1975).

provided by state statutes borrowed for application to federal actions.

### 1.

#### *Federal Tolling Rules*

■ Under the federal doctrine of equitable tolling two types of fraudulent behavior toll the running of the statute of limitations in securities actions. In the first type, the statute may be tolled "where the fraud goes undiscovered even though the defendant does nothing to conceal it." *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1004 (7th Cir.1984). Here, however, the plaintiff's due diligence in attempting to discover the fraud is imperative. *Id.* In the second type, the statute of limitations is tolled if the fraud remained undisclosed because the defendant took additional affirmative steps after committing the fraud to keep it concealed. Here the plaintiff is relieved from his obligation to use due diligence to discover the fraud. Where active concealment exists, the statute is tolled until there is actual discovery of the fraud. *Id.* *See also Tomera v. Galt*, 511 F.2d 504, 510 (7th Cir.1975).

The allegations in plaintiff's amended complaint do not provide a basis for tolling the limitations statute under either type of federal equitable tolling. Plaintiffs fail the first test because their amended complaint contains no allegations that the plaintiff made inquiries or otherwise exercised due diligence to determine the "true value" of the A.C. Davenport stock or verify any other alleged fraudulent representations made in connection with the 1978 stock redemption. The amended complaint's allegation of due diligence based upon "the self concealing nature of the fraud, her lack of sophistication, and the fact that the people upon whom she would reasonably depend to ferret out the fraud were themselves the perpetrators..." is insufficient to satisfy the rule's due diligence requirement. The plaintiff's lack of sophistication is irrelevant to our inquiry. "The statute begins to run when a reasonable person would have appreciated the need for further inquiry." *Norris v. Wirtz*, 818 F.2d 1329, 1134 (7th Cir.1988). An objectively reasonable person would have appreciated the need long before 1984.

Since the plaintiff fails to allege due diligence, the remaining tolling exception requires her to plead active concealment of the fraud. The plaintiff's amended complaint is equally wanting here. Plaintiff's allegation that Miller's and Kravets' "ongoing subsequent failure to disclose facts material to the sale of plaintiff's stock while continuing to act in a fiduciary capacity ... [lulled the] plaintiff so as to prevent her from uncovering the defendant's fraudulent acts" is insufficient to trigger the "active concealment" tolling rule. While the plaintiff's allegation appears to be based on Illinois decisions holding that the silence of a fiduciary constitutes concealment, the federal doctrine of equitable tolling does not ascribe to this rule and clearly requires the defendants to take "additional affirmative steps after committing the fraud to keep it concealed." *Teamsters Local 282 Pension Trust Fund v. Angelos*, 815 F.2d 452, 456 n. 4 (7th Cir.1987). *See also Hupp v. Gray*, 500 F.2d 993, 997 (7th Cir.1974) (conclusory assertion that plaintiff had been lulled into a sense of security by his fiduciary is insufficient to invoke the doctrine of fraudulent concealment). Since the plaintiff fails to allege either "due diligence" or "active concealment" federal equitable tolling will not preserve her claim.

### 2.

#### *Illinois Tolling Rules*

■ Illinois state tolling rules are equally inapplicable to this case. Even assuming that the amended complaint alleged fraudulent concealment, our reading of ¶ 137.13 D precludes the expansive tolling sought in this case.

A reading of the 1985 amendments to ¶ 137.13 D coupled with a reading of their interpretive comments suggests that the three-year period applicable before January 1, 1986 was itself a statute of repose. *Norris v. Wirts*, 818 F.2d 1329, note at 1333–34 (7th Cir.1987), *Gutfreund v. Christoph*, 658 F.Supp. 1378, n. 9 (N.D.Ill.1987). In addition, it is unclear whether Illinois' doc-

trine of fraudulent concealment tolls the statute of limitations in an Illinois-law securities claim.[7]

As previously indicated, before the 1985 amendments, ¶ 137.13 D provided simply that no action under the statute was to be brought after three years from the date of the security's sale. The 1985 amendments, intended to expand and clarify the statute's scope, retained the three year limitations period but specifically added tolling amendments including fraudulent concealment. However, these tolling amendments were coupled with a two year statute of repose. Thus, under the new statute, regardless of tolling, no action could be brought after five years from the date of sale. Since the interpretive comments to the amendment suggest that the 1985 amendments sought to expand the scope of ¶ 137.13 D, it seems unlikely that Illinois courts would permit the old ¶ 137.13 D to be tolled indefinitely by common law tolling rules.[8] Indeed, based upon a thorough reading of the statute, its amendments and accompanying interpretive comments this court recently concluded that the original ¶ 137.13 D may have been a statute of repose:

> [The interpretive comment] suggests that Illinois has had a statute of repose all along and that only the pre-*Tomanio* overlay of "federal" tolling doctrines has prevented its implementation. No matter what we make of this, the status of the law in Illinois hardly calls for expansive tolling in securities cases.

*Norris v. Wirts*, 818 F.2d 1329, note at 1333–34 (7th Cir.1987).

Accordingly, because we find that federal equitable rules do not apply to the facts alleged in the plaintiff's amended complaint and since we believe that fraudulent concealment cannot operate to toll the old ¶ 137.13 for over six years from the date of sale, without deciding which tolling rules apply, we hold that the plaintiff's federal securities claims are time barred and that the district court's dismissal of this portion of the plaintiff's amended complaint was proper.

## II.

### RICO and Pendent State Claims

The foregoing discussion of equitable tolling applies with equal force to the plaintiff's RICO claim. Given the inapplicability of federal equitable tolling, the four year statute of limitations has expired and the RICO claim is also time barred. *Agency Holding Corp. v. Malley–Duff & Assoc. Inc.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Since we hold that the plaintiff's federal claims are properly dismissed as time barred, her pendent state law claim falls without prejudice under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

AFFIRM

CUMMINGS, Circuit Judge, dissenting:

The district court correctly determined that Illinois law provides the applicable statute of limitations in this case and that federal common law provides the conditions under which that statute will be tolled. *Cange v. Stotler & Co.*, 826 F.2d 581, 586 (7th Cir.1987); *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1004–1006 (7th Cir.1984). Federal law permits tolling under either of two distinct sets of circumstances. Under the first, the statute is tolled until an objectively reasonable person would have appreciated the need to commence a suit. In order to qualify for tolling until that point, a fraud must remain undiscovered even though the defendant did nothing to conceal it, and the plaintiff must allege due diligence in attempting to discover the fraud. The district court and the majority both acknowl-

---

7. We have found no Illinois case which employs the doctrine of fraudulent concealment to toll the limitations period in a blue sky action.

8. The Interpretive Comments to Amended Section 137.13 D in Ill.Ann.Stat. ch. 121½, ¶ 137.13 (Smith Hurd Supp.1989) state as follows:

This tolling amendment was designed particularly to cover cases of fraudulent concealment or so-called "lulling" activities by promoters. *Heretofore, the three-year statute of limitations could be an absolute bar to an action even if its discovery was not reasonable or subverted.* (emphasis added).

edge the allegation of due diligence in Mrs. Davenport's amended complaint, but dismiss it as "insufficient." It is true that Mrs. Davenport's personal circumstances are not relevant to this first method of qualifying for tolling since the standard is an objective one. It should be left to the trier of fact, however, to determine whether an objectively reasonable person would have realized prior to 1984 that a fraud may have been committed.

Under the second method of qualifying for tolling, the one principally relied upon by Mrs. Davenport here, the statute is tolled until the plaintiff actually discovered the fraud. In order to qualify for tolling until that point, the plaintiff must allege active concealment of the fraud. Active concealment can be proved in two different ways. One way is for the plaintiff to allege that a defendant who owed her a fiduciary duty failed to disclose facts that would have been material to her decision.* Another way is for the plaintiff to allege that a defendant who did not owe her a fiduciary duty actively concealed facts that would have been material to her decision.

Without separately considering these two methods of proving active concealment, the district court and the majority have concluded that Mrs. Davenport has not pleaded sufficient facts to entitle her to have the statute of limitations tolled until her actual discovery of the fraud in February 1984. Mrs. Davenport did specifically plead the existence and breach of fiduciary duties. The early dismissal of this case is particularly troubling inasmuch as the allegations set forth in the plaintiff's complaint would appear to support the existence of many fiduciary relationships: Mr. Kravets and Mr. Miller may owe fiduciary duties to Mrs. Davenport both because they represented her in the past and because they were agents of a corporation in which she was a minority shareholder; Mr. Davenport may

owe a fiduciary duty to Mrs. Davenport because he was her husband and because he was the President, Chief Operating Officer and majority shareholder of a corporation in which she was a minority shareholder. In *Tomera v. Galt*, 511 F.2d 504, 510–511 (7th Cir.1975), this Court stated:

> The fundamental purpose of section 10(b) and rule 10(b)(5) is to achieve a high standard of business ethics. This purpose is taken seriously and is broadly construed [citations omitted]. Summarily extinguishing rule 10(b)(5) claims during pleadings on statute of limitations grounds does not work to this end. Limitations issues ordinarily require factual determinations and are best left to trial.

By dismissing her claim at the pleading stage, the district court has denied Mrs. Davenport the opportunity to demonstrate that she is entitled to have the statute of limitations tolled (via one or the other of the two methods discussed above) until February 1984.

Both the district court and the majority here rely on *Norris v. Wirtz*, 818 F.2d 1329, 1333 (7th Cir.1987), to support the proposition that the tolling rules should not be applied liberally. *Norris*, however, did not involve a dismissal at the pleading stage. Rather, in *Norris* the determination that the statute should not be tolled was not made until a jury verdict in favor of the plaintiff was appealed. Thus the plaintiff in *Norris* was given the opportunity to present her entire case. Mrs. Davenport should have been given that same opportunity.

I therefore respectfully dissent.

---

* The Supreme Court has determined in the context of securities fraud cases that an obligation to disclose coupled with the withholding of a material fact constitutes knowing deception. See *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375,

47 L.Ed.2d 668 (Rule 10(b)(5) can be violated only if there is knowing deception); *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 152–154, 92 S.Ct. 1456, 1471–1472, 31 L.Ed.2d 741 (obligation to disclose coupled with failure to disclose a material fact constitutes a violation of Rule 10(b)(5)).