**Charles E. ANDREWS, Jr.,**
**Plaintiff-Appellant,**

v.

**HEINOLD COMMODITIES, INC., and**
**Bill Williams, Defendants-Appellees.**

No. 84–1960, 84–2674.

United States Court of Appeals,
Seventh Circuit.

April 25, 1985.

Decided Aug. 15, 1985.

Constantine J. Gekes, Chicago, Ill., for plaintiff-appellant.

Michael Elman, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, CUDAHY, Circuit Judge, and GRAY, Senior District Judge.*

CUMMINGS, Chief Judge.

This consolidated appeal of two district court decisions presents questions arising out of the interaction between a contractual choice of forum clause entered into by the two disputing parties, and the Illinois tolling statute, Ill.Rev.Stat. ch. 110 ¶ 13–

217 (1983). For the reasons stated herein, we affirm the judgment of the Indiana district court but reverse that of the Illinois district court.

## I

Plaintiff Charles E. Andrews, Jr., a resident of Indianapolis, Indiana, filed suit on July 15, 1981, in the Southern District of Indiana against Heinold Commodities, Inc. ("Heinold"), a large commodity brokerage house with whom Andrews had maintained a commodity trading account from February 7 until September 6, 1979, and Bill Williams, who had been a commodity futures broker in Heinold's Indianapolis, Indiana, branch office.[1] The dispute centered on Andrews' substantial losses, exceeding $38,000, in his trading account and was brought under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and § 4b of the Commodity Exchange Act, 7 U.S.C. § 6b. Jurisdiction and venue were proper (App. 17), but Heinold moved to dismiss due to a contractual choice of forum clause. That clause provides in its entirety:

### CONSENT TO JURISDICTION

All actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to or from this Agreement or any transaction covered hereby shall be litigated at the discretion and election of Heinold Commodities, Inc. ("Heinold"), only in courts whose situs is within the State of Illinois. The undersigned ("Customer") consents and submits to the jurisdiction of any state or federal court located within the State of Illinois, appoints and designates E. William Sevetson (whose address is 222 South Riverside Plaza, Chicago, Illinois 60606), or any other party whom Heinold may from time to time hereafter designate, as Customer's true and lawful at-

---

* The Honorable William P. Gray, Senior District Judge of the Central District of California, is sitting by designation.

1. Heinold's in-house counsel represents both Heinold and Williams. For the sake of convenience, all references to Heinold include Williams.

torney-in-fact and duly authorized agent for service of legal process, and agrees that service of such process upon such party shall constitute personal service of such process upon Customer; provided that Heinold shall, within five (5) days after receipt of any such process, forward the same by certified or registered mail, together with all papers affixed thereto, to Customer at Customer's mailing address specified on Customer's Application. Customer waives any right Customer may have to transfer or change the venue of any litigation brought against Customer by Heinold.

On August 17, 1982, the trial court granted Heinold's motion and dismissed the action.

Andrews, who had been adjudicated a bankrupt in April 1980, had considerable difficulty obtaining Illinois counsel. He filed a second lawsuit in the Northern District of Illinois *pro se* on August 12, 1983, asserting his two federal claims.[2] The trial court dismissed the complaint as time-barred on April 17, 1984, and denied plaintiff's motion for reconsideration on June 4, 1984. Plaintiff filed a timely appeal, docketed in this Court as No. 84–1960.

Plaintiff then returned to the Southern District of Indiana, and requested that court to vacate its original order of dismissal pursuant to Fed.R.Civ.P. 60(b)(6). The district court denied the motion, and plaintiff timely appealed. That appeal is No. 84–2674. We have jurisdiction over both appeals as final judgments under 28 U.S.C. § 1291. We consider first the appeal from the Northern District of Illinois.

## II

■ Because the federal statutes giving rise to Andrews' claim contain no express

statute of limitations, federal courts must borrow the applicable statute from analogous state law, which in Illinois is the three-year period contained in the Illinois securities laws. *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir.1972) (Security Exchange Act of 1934); *Shelley v. Noffsinger*, 511 F.Supp. 687, 690–691 (N.D. Ill.1981) (Commodity Exchange Act). Assuming as did the court below that Andrews' cause of action arose when he closed his account on September 6, 1979, the statute of limitations expired on that date in 1982. Thus, the first action was timely filed in Indiana, but the second lawsuit filed in Illinois was out of time, absent some other provision of Illinois law.

■ The borrowing of a state statute of limitations includes the state's tolling doctrines, which suspend the application of the statute of limitations in prescribed situations. *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 487–488, 100 S.Ct. 1790, 1796–1797, 64 L.Ed.2d 440; *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463–464, 95 S.Ct. 1716, 1721–1722, 44 L.Ed.2d 295.[3] The court below, although correctly examining the Illinois revival statute, found that it was inapplicable in the instant situation. We respectfully disagree.

■ The statute provides:

Reversal or dismissal. In the actions specified in Article XIII of this Act [Limitations] or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against

---

**2.** The complaint also asserted pendent state claims, which the district court dismissed pursuant to its authority under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218. That dismissal is not at issue before us.

**3.** Nevertheless, "considerations of state law may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. at 465,

95 S.Ct. at 1722; *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 706–707, 86 S.Ct. 1107, 1113–1114, 16 L.Ed.2d 192. Because of our interpretation of the Illinois savings statute, we have no need to consider Andrews' argument that, should his Illinois complaint not fall within the compass of that statute, federal policies preclude the district court's dismissing his complaint.

the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or *the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff,* his or her heirs, executors or administrators *may commence a new action within one year or within the remaining period of limitation, whichever is greater, after* such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or *the action is dismissed by a United States District Court for lack of jurisdiction.* Ill.Rev.Stat. ch. 110 ¶ 13–217 (1983). The court below reasoned that the Indiana trial court had had personal jurisdiction over the parties, so that its dismissal of the action pursuant to the contractual forum selection clause (quoted *supra* pp. 185–186) had been for improper venue and not for lack of jurisdiction. This logic is overly simplistic, for the Indiana district court had possessed both personal jurisdiction over the parties and venue (App. 17). The question presented is the more subtle one of whether the forum selection clause functioned to deprive the district court of personal jurisdiction, or of venue only, for purposes of the Illinois statute. We hold that the former is the case.

Personal jurisdiction and venue are discrete concepts that should be kept separate. *Wilmot H. Simonson Co. v. Green Textile Associates, Inc.,* 554 F.Supp. 1229, 1234 (N.D.Ill.1983). The clause at issue is itself styled "Consent to Jurisdiction." It does not require that all litigation be conducted in Illinois. Instead it provides that Heinold may require all litigation to be pursued there, and it provides for service of process on Andrews should Heinold institute a complaint in Illinois.[4] When the

parties meant venue, rather than personal jurisdiction, they knew how to distinguish between the two, for the last sentence provides that Andrews may not move to transfer the venue of any litigation begun by Heinold. Because the complaint at issue in the instant situation is one filed by Andrews, this last sentence cannot be implicated and could not have served as a basis for the Indiana court's ruling. Consequently, only the rest of the clause, referring to personal jurisdiction, was applicable to Heinold's first motion to dismiss. Therefore, the Indiana court's determination that it lacked jurisdiction over the parties because of their contractual undertaking was crucial to its dismissal of the lawsuit.

Heinold places great weight on the Supreme Court's opinion in *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), in which the Court found a forum-selection clause to be enforceable. In so doing the Court rejected the argument that such clauses should be unenforceable on policy grounds because they "oust" the jurisdiction of the federal courts. It recognized that just as contracting parties may consent to suit in a foreign forum, so they may restrict suits to a particular forum, and held that "such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10, 92 S.Ct. at 1913. In other words, the Supreme Court held, no more and no less, than that a forum-selection clause would not be denied effect solely because it purports to deprive a federal court of jurisdiction. Heinold's reliance on this case is misplaced, because *The Bremen* does not address the issue before us—whether a transfer pursuant to an enforceable choice of forum clause is due to lack of personal jurisdiction or to lack of venue alone.

▮▮ The Indiana trial court considered the clause at issue in the instant case,

---

4. Consequently, Heinold's argument that Andrews is somehow at fault for not fulfilling a "contractual obligation" to file in Illinois, see Def.Br. at 31, is in error. Andrews had no obligation to file in Illinois, because the clause provided only that Heinold could require litigation to proceed in Illinois. Heinold just as easily could have elected to proceed in Indiana.

correctly found it to be reasonable and so enforceable, and consequently declined jurisdiction. The question is not whether the Indiana court, absent the contract clause, would have had jurisdiction. It would have. The question is the effect the clause, once it is found to be enforceable, has on the court's power to hear the case, and the answer is that the clause functions to deprive the court of personal jurisdiction. Personal jurisdiction, unlike subject matter jurisdiction, may be waived by the parties. The Indiana court's dismissal of the action constituted that court's awareness that the parties before it had elected, at the instance of the defendant, to be present for jurisdictional purposes only in Illinois.

■ Heinold argues that the Indiana court's determining it lacked jurisdiction because of the contract clause means that the court actually possessed jurisdiction but declined to exercise it, and that this refusal to exercise its jurisdiction cannot constitute a dismissal for lack of jurisdiction under the Illinois statute. We do not agree. The essence of the Indiana court's decision was that it could not proceed because the parties had agreed that, should Heinold so desire, personal jurisdiction would rest only in Illinois. That the lack of personal jurisdiction also nullifies the venue that had lain in the Indiana court is irrelevant, because that is the consequence of any finding of no personal jurisdiction.

*Keilholz v. Chicago and North Western Railway*, 59 Ill.2d 34, 319 N.E.2d 46 (1974), does not alter our opinion that the Indiana court's dismissal was for lack of jurisdiction within the reach of the Illinois tolling statute. In *Keilholz*, the Illinois Supreme Court held that a lawsuit that had been dismissed, to penalize the plaintiff for failing to comply with an order of the court to appear personally at a pretrial conference, was not dismissed for lack of prosecution within the meaning of the Illinois savings statute. Any other decision would have drastically widened the scope of cases that could be refiled within one year of dismissal, as well as gutted the legislature's purpose in authorizing Illinois courts to dismiss cases when parties failed to comply with its rules. Such stretching of statutory language, and such drastic consequences, are not present in the instant situation. The earlier dismissal was not for improper venue, but for improper jurisdiction, and its decision should be recognized as such within the meaning of the Illinois law. The Illinois court's failure to do so is error. Because the Illinois tolling statute is applicable, we reverse the district court's dismissal of the action on grounds that the lawsuit was time-barred. We turn next to consider plaintiff's appeal from the Indiana district court's denial of plaintiff's Rule 60(b)(6) motion.

### III

■ Rule 60(b)(6) authorizes a federal court to vacate a final judgment for "any other reason justifying relief from the operation of the judgment." Rule 60(b) "should be liberally applied to accomplish justice." 7 J. Moore and J. Lucas, Moore's Federal Practice ¶ 60.27[2], at 60–273 (2d ed. 1985). Nevertheless, Rule 60(b) provides for extraordinary relief and requires a showing of exceptional circumstances. *Peacock v. Board of School Commissioners of the City of Indianapolis*, 721 F.2d 210, 213 (7th Cir.1983) (*per curiam*); *Beshear v. Weinzapfel*, 474 F.2d 127, 131 (7th Cir.1973). A party cannot use Rule 60(b)(6) as a substitute for appeal. *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950). A denial of a Rule 60(b) motion is reversible only for an abuse of discretion. See, *e.g.*, *Peacock*, 721 F.2d at 213.

■ Under this stringent standard, the district court's refusal to grant Andrews' motion does not constitute error. Because Andrews during the first proceedings could have requested, should the trial court find the consent to jurisdiction clause enforceable, that the court transfer the action rather than dismiss, his motion to vacate that judgment appears to be an attempt to remedy his earlier omission in that proceeding rather than to be motivated from some

exceptional circumstances.[5] His having done so would have relieved him of any need to resort now to Rule 60(b)(6). Were all parties who made similar tactical errors to have recourse to Rule 60(b)(6), the finality and certainty of judgments in the federal courts would be severely undermined.

We recognize the financial hardship under which Andrews was operating. He had been declared a bankrupt two years earlier, and, although making an extremely modest salary, had support obligations to his two children to fulfill. Although he was represented by Indiana counsel, counsel may have been unwilling to undertake the heavy burden of litigating in Illinois. As Andrews points out, while the consent to jurisdiction clause conferred personal jurisdiction over all Illinois courts, venue was proper only in Chicago, Illinois. Counsel would not have had to litigate a mere ninety miles away in Danville, Illinois, as the Indiana court mistakenly believed, but would have had to go all the way to Chicago to file suit. Andrews' financial situation precluded his quickly retaining Illinois counsel.[6] Nonetheless, he could have done what he ended up doing anyway—filing a *pro se* complaint and requesting a continuance to obtain legal counsel.[7] His failure to do so, as well as his failure in the Indiana proceedings to request a transfer of the lawsuit as an alternative action should the trial court decide the jurisdictional clause was enforceable, indicates to us that the court

below did not abuse its discretion in denying him the relief requested.

The Southern District of Indiana's dismissal order in appeal No. 84–2674 is affirmed, but because of the applicability of the Illinois tolling statute, the Northern District of Illinois' dismissal order in appeal No. 84–1960 is reversed and remanded for further proceedings consistent with this opinion, each side to bear its own costs.

---

5. While Heinold had made precisely this request, Andrews never requested the district court to transfer the case rather than dismiss. When the district court granted Heinold's motion to dismiss, Heinold's alternative motion to transfer became moot. We note that a court need not have personal jurisdiction to be able to transfer a case, *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962), so that Heinold's suggestion at oral argument that the Indiana court's ability to transfer the lawsuit meant it had personal jurisdiction is mistaken.

6. Andrews did contact a number of Chicago law firms in an effort to find Chicago counsel competent to handle a commodity trading lawsuit based on fraud in the handling of a commodity trading account. The substantial initial retainers required by the firms he contacted before

they would even begin to handle his case precluded him from engaging any of the lawyers he contacted.

7. Andrews could argue that his desire to attach pendent state claims, which preferably would be researched and drafted by Illinois counsel, to his federal claims precluded him from filing a skeletal complaint *pro se* and amending the complaint to encompass the state claims. Even so he ended up doing just that, and we cannot say that the trial court's failure to recognize the additional concerns introduced by the pendent state claims (a problem Andrews himself has not raised) was an abuse of discretion.