972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny SMITH, Petitioner-Appellant,
v.
Paul J. KLINCAR and Neil Hartigan, Respondents-Appellees.
 No. 91-1072.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 24, 1992.*
Decided Aug. 24, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Johnny Smith filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied Smith's petition and his subsequent motion to reconsider. Smith appeals the denial of his motion to reconsider.[1]
 
 
 2
 Relief from judgment under Rule 60(b) is available only under exceptional circumstances. Andrews v. Heinold Commodities, Inc. 771 F.2d 184, 188 (7th Cir.1985). In his brief, Smith fails to point to any exceptional circumstances justifying relief from judgment; instead, he merely repeats the arguments he made throughout the proceedings below. However, a motion under Rule 60(b) is not a valid substitute for appeal. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 606-07 (7th Cir.1986). Smith's arguments on appeal constitute an attempt to have us review the merits of the underlying judgment. Yet our review is limited to determining whether the district court abused its broad discretion in denying Smith's motion for reconsideration. Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991).
 
 
 3
 The record reveals that Smith's motion for reconsideration simply rehashed the same arguments that he offered in his original petition. Faced with nothing more than a restatement of arguments already rejected, the district court did not abuse its discretion in denying Smith's motion for reconsideration.[2]
 
 
 4
 Finally, we deny Smith's motion for the appointment of counsel pursuant to the factors set forth in Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir.), cert. denied, 464 U.S. 986 (1983). Smith fails to identify any issues of fact or law that appointed counsel could develop for presentation to this court.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After this appeal was filed, the respondents filed a Notice of Non-Involvement. Upon preliminary examination of petitioner-appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to the Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner-appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and record
 
 
 [1]
 Smith tried to appeal the denial of his petition, but a panel of this court determined that his notice of appeal from that judgment was untimely. Order of February 22, 1991
 
 
 [2]
 Smith also claims that the district court erred in failing to provide him an evidentiary hearing "to present his issues before the trial court." However, Smith waived this issue by not filing a timely notice of appeal from the judgment denying his habeas petition. See Order of February 22, 1991