**HULL 753 CORPORATION, Plaintiff,**

v.

**ELBE FLUGZEUGWERKE GmbH a/k/a Daimler–Chrysler Aerospace, and Sogerma–Socea, Defendants.**

No. 99 C 2959.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 3, 1999.

Rene A. Torrado, Jr., Chad Allen Schiefelbein, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Hull 753 Corporation, a Delaware corporation, plaintiff.

John P. Scotellaro, Suzanne Lee, Bell, Boyd & Lloyd, Chicago, IL, Evan A Davis, J J Gass, Cleary, Gottlieb, Steen & Hamilton, New York City, for Elbe Flugzeugwerke GmbH, a foreign corporation aka Daimler–Chrysler Aerospace, defendant.

George W Miller, Hogan & Hartson, Washington, DC, Terrence Edward Kiwala, Rooks, Pitts & Poust, Chicago, IL, for Sogerma Socea, a foreign corporation, defendant.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

This lawsuit is a prime example of our present international economy and how courts must continually strive to honor the laws and interests of each respective country in international disputes. Hull 753 Corporation ("Hull"), an Illinois entity, filed a lawsuit against Elbe Flugzeugwerke ("Elbe"), a German company, and Sogerma–Socea ("Sogerma"), a French company, alleging four claims for breach of contract and two claims under the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq.* Elbe and Sogerma now seek dismissal arguing that (1) the contract governing this case mandates venue in Dresden, Germany; (2) Germany would provide a more convenient forum to litigate this case; and (3) Hull's complaint fails to state a claim for relief under any of its theories of recovery. After a thorough review of the record, we conclude that, although the contract does not require the parties to litigate in Germany, Germany would provide a more convenient and efficient forum in which to resolve the issues presented by this lawsuit. Therefore, we grant Elbe and Sogerma's separate motions to dismiss this case for forum non conveniens. (R. 6–1 (Elbe's Mot.); R. 8–1 (Sogerma's Mot.).)

### FACTS

Hull, which leases commercial aircraft to other companies, contracted with Elbe to convert two passenger airplanes to freight service aircraft. (Elbe's Mot. to Dismiss Ex. A, Agreement ("Agreement").) The contract provided that Hull would deliver

the airplanes to Elbe in Toulouse, France at a facility owned by Sogerma, (Agreement, at § 7.1.1 and Ex. B), and that Sogerma would perform the conversion as Elbe's agent, (Agreement, at § 2.1.2). Additionally, the contract required Hull to appoint an on-site project manager to act as the point of contact for performance issues that arose during performance of the contract. (Agreement, at §§ 15.1, 16.2, 9.3.) The final provision of the contract is § 22.10:

> This Agreement shall be governed by and construed in accordance with the laws of the Federal Republic of Germany. The Uniform Law on the Formation of Contracts for the Sale of Goods, based upon the United Nations Convention on Contracts for the International Sale of Goods, shall not be applicable. Place of jurisdiction shall be Dresden.

(Agreement, at § 22.10.) Hull filed this lawsuit against Elbe and Sogerma claiming various material breaches of the Agreement and violations of the Illinois Consumer Fraud Act.

## Analysis

Elbe and Sogerma seek enforcement of § 22.10, which they believe is a forum selection clause. Alternatively, they ask us to dismiss this case under the doctrine of forum non conveniens.[1] We analyze each argument in turn.

### A. Section 22.10

▉ It has long been established that "[p]ersonal jurisdiction and venue are discrete concepts that should be kept separate." *Andrews v. Heinold Commodities, Inc.*, 771 F.2d 184, 187 (7th Cir.1985). Thus, when parties to a contract locate jurisdiction in a certain court, it does not necessarily follow that they have agreed to venue only in that court: "where venue is

specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Paper Express, Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 757 (7th Cir.1992); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 829–30 (7th Cir.1995) (applying the mandatory versus permissive forum selection clause distinction and relying, in part, on additional language to find the contractual provision mandatory). Here, the contract specifies jurisdiction only, and there is no other language indicating the parties' intent to make venue exclusive. Under Seventh Circuit precedent, § 22.10 is a permissive forum selection clause that allows, but does not require, the parties to litigate in Dresden.

▉ Elbe and Sogerma argue vociferously and cogently against this result. But before turning to their contentions, we address an issue that they could have, but did not, raise: namely, that § 22.10 divests this Court of personal jurisdiction over the parties by mandating jurisdiction in Dresden. *See Andrews*, 771 F.2d at 188 ("Personal jurisdiction, unlike subject matter jurisdiction, may be waived by the parties."). A court lacking personal jurisdiction is an improper venue to litigate. *Id.* ("[T]he lack of personal jurisdiction also nullifies ... venue."). But Federal Rule of Civil Procedure 12(h)(1) dictates that a challenge to a court's personal jurisdiction must be raised at the earliest possible opportunity, either by motion or in a responsive pleading; if it is not, the issue is waived. Because Elbe and Sogerma have not pressed this interpretation of § 22.10, any challenge to this Court's personal jurisdiction over the parties is waived. We turn now to the defendants' contentions.

---

1. Elbe and Sogerma advance additional arguments for dismissal. For example, Elbe asserts that Hull cannot sue under the Illinois Consumer Fraud Act because German law governs their relationship, and Sogerma maintains that it is not a proper defendant because it was not a party to the Agreement.

We do not address any of the defendants' remaining arguments because we conclude that Germany provides a more convenient forum. Assuming Hull chooses to refile its lawsuit, the defendants' remaining arguments will be more appropriately addressed to the German courts.

First, relying on basic principles of contract interpretation, Elbe and Sogerma reason that use of the phrase "shall be" in § 22.10 evinces the mandatory nature of the clause. In support of this assertion, they analogize "[j]urisdiction shall be in Dresden" to "place of jurisdiction ... is the registered office of the trustee, to the extent permissible under the law," which the *Frietsch* Court determined was a mandatory forum selection clause. 56 F.3d at 827 (omission in *Frietsch* ).

Although we agree that, as an intuitive matter, the phrase at issue here appears even stronger than that in *Frietsch*, we feel constrained by *Paper Express*'s very clear statement distinguishing jurisdiction and venue, as well as the obvious distinctions between this case and *Frietsch*. Most importantly, the contract at issue in *Frietsch* contained language in addition to the statement of jurisdiction that, as required under *Paper Express*, demonstrated the parties' intent to litigate only in the place of jurisdiction. *Id.* at 829 ("The phrase 'to the extent permissible' would have no function if the clause were not mandatory."). Here, on the other hand, the contract does not have additional language evincing such intent.

Moreover, not only was the *Frietsch* contract governed by German law, but all of the parties were German, the contract was formed in Germany, and it was written in German. The Seventh Circuit relied on these facts to conclude that the "the natural forum" would be Germany, and that the plaintiffs could not reasonably have expected to litigate issues arising from the wholly German contract in Illinois. *Id.* at 929–30. Here, the contract was written in English, it was formed in Illinois, and the parties are from three different countries. In contrast to those in *Frietsch*, the facts of this case do not suggest any "natural forum" and certainly do not support an inference that the parties intended to litigate in Dresden to the exclusion of all other locations.

▆▆ The defendants also argue that under German law, which according to

§ 22.10 governs interpretation of the contract, the formula "jurisdiction shall be X" is construed to locate venue exclusively in X. We believe, however, that federal common law governs this procedural question. *Cf. Northwestern Nat'l Ins. Co. v. Donovan,* 916 F.2d 372, 374 (7th Cir.1990) (noting that the parties' concession that federal common law governed the enforceability of a forum selection clause was "probably" correct). Furthermore, Hull has submitted an affidavit refuting the defendants' interpretation of German law. (Hull Ex. A, Janke Aff. ¶ 7 (Under German law, "[o]nly if the clause 'Gerichsstrand ist X' is preceded by words such as 'AusschlieBlich,' which is the German equivalent of the English word 'exclusive,' " is the selected forum exclusive)). Thus, even if German law governs this question, dismissal at this point of the litigation would be inappropriate in the face of this factual dispute.

Our primary obligation is to enforce the parties' contract, which Elbe very possibly could have thought mandated litigation in Dresden. However, as a legal matter, the contract refers only to jurisdiction which, under *Paper Express*, is insufficient to justify dismissal for improper venue.

## B. Forum Non Conveniens

▆▆ Under the doctrine of forum non conveniens, a court has the discretion to dismiss a case over which it has jurisdiction "if it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill–Rom Co.,* 108 F.3d 799, 802 (7th Cir.1997). A plaintiff's choice of forum may be disturbed only when an alternative forum has jurisdiction over the case and the balance of public and private factors justifies dismissal in favor of that forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (quotation and citation omitted); *Kamel,* 108 F.3d at 803.

▆▆ In this case, an alternative forum exists: Germany. Hull half-heartedly challenges the adequacy of the German courts on the grounds that they "allow

little, if any, discovery", (Hull Mem. at 8), and do not permit recovery of punitive damages. The Seventh Circuit has not ruled on a challenge to the adequacy of a foreign court's discovery procedures, but those courts that have uniformly reject Hull's argument. *See, e.g., Mercier v. Sheraton Int'l, Inc.,* 981 F.2d 1345, 1352–53 (1st Cir.1992) ("[A]n alternative forum ordinarily is not considered 'inadequate' merely because its courts afford different or less generous discovery procedures than are available under American rules."); *see also id.* (citing cases).

Similarly, the absence of punitive damages under German law does not come close to establishing inadequacy. *See Piper,* 454 U.S. at 254, 102 S.Ct. 252 ("[I]f the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is *no remedy at all,* the unfavorable change in law may be given substantial weight."); *id.* at 255, 102 S.Ct. 252 (an alternative forum is adequate even though the change may result in a smaller damage award); *Kamel,* 108 F.3d at 803 ("An alternative forum is adequate when the parties will not be deprived of *all remedies* or treated unfairly.") (emphasis added). Thus, we turn to the relevant private and public interests implicated by this case.

**1. Private Interests**

■ In making this convenience determination, the relevant private interests include the relative ease of access to sources of proof, primarily documents; the cost of obtaining the attendance of witnesses in either forum; and any other practical problems impeding the efficient and economical litigation of this case.[2] *Piper,* 454 U.S. at 241 n. 6, 102 S.Ct. 252; *Kamel,* 108 F.3d at 803; *Wilson v. Humphreys (Cayman) Ltd.,* 916 F.2d 1239, 1246 (7th Cir. 1990). Here, as we suspect is generally the case, the private interests point in both directs. For example, both sides bemoan the trouble and expense of transporting

evidence and witnesses to the other side's preferred forum. Similarly, both sides argue that the need to translate documents and testimony by foreign witnesses for the other side's forum would be unduly burdensome. These factors are a wash: both sides would face similar hardships if forced to present evidence regarding what actually happened in the other side's preferred forum.

■ After carefully consideration, however, we conclude that the private interests favor the German forum. We find one consideration determinative: the parties would incur significantly higher costs litigating before this Court than they would litigating in Germany. As has already been demonstrated, the parties do not agree on the interpretation of German law and, even if they did agree, they would still need to prove that law to this Court for appropriate application. We agree with Elbe that "moving this case to Germany will remove a layer of expensive professionals [i.e., experts in German law] to the benefit of all parties." (Elbe Mot. at 14.)

Hull's discovery argument, although not renewed in this context, is relevant to our balance of the parties' conflicting private interests in litigating before this Court or before a German court. According to Hull, "German procedural rules do not provide for discovery.... In Germany, each party bears the responsibility of proffering documentary evidence or testimony which supports the positions on which that party bears the burden of proof." (Hull Ex. A, Janke Aff. at ¶ 10.) Although an American company like Hull may be uncomfortable litigating in a system with a different underlying philosophy, we do not believe the "cost" to Hull of Germany's alternate discovery methods will be very great. Essentially, the alleged lack of discovery means only that Hull may not be able to anticipate defense arguments.[3]

---

**2.** We name only those factors relevant to the convenience of the parties in this case, but note that courts have identified additional factors relevant in other cases.

**3.** Hull has not identified the evidence it would be unable to discover under German procedural rules or how the lack of this evidence would impact its case.

Balanced against the cost to all of the parties of obtaining expert testimony regarding German law, Hull's interest in litigating here because of the more favorable discovery rules is negligible.

### 2. Public Interests

The relevant public interests in this case include the local interest in having localized disputes decided at home; the interest in having a case decided in a forum that is comfortable with the governing law; and judicial administrative concerns—in particular, the burden to this Court of interpreting and applying German law. *Piper*, 454 U.S. at 241 n. 6, 102 S.Ct. 252; *Wilson*, 916 F.2d at 1246. Again, we conclude that the public interest factors favor the German forum—but even more decisively than the private interests.

Initially, we decline to give much weight to Hull's choice of forum. Although generally "[c]itizens or residents deserve somewhat more deference than foreign plaintiffs," *Piper*, 454 U.S. at 256, 102 S.Ct. 252, the Seventh Circuit instructs that, "given the ever-expanding realm of international commerce, many courts have somewhat discounted a plaintiff's United States citizenship when that plaintiff is an American corporation with extensive foreign business and it brings an action for an injury occurring in a foreign country." *Kamel*, 108 F.3d at 804. The *Kamel* court could have been describing Hull: an Illinois corporation with extensive international business that is suing foreign corporations for injuries it sustained in Europe. Although we recognize Illinois' interest in protecting its citizens and Hull's interest in litigating at home, on the facts of this case we do not find those interests appreciable.[4]

On the other hand, Germany's interest in applying it's own law (correctly) is significant. Likewise, we have a serious interest in not having "to delve into the tenets of an unfamiliar legal system." *Id.*

at 805. Were the trial conducted in this forum, we would anticipate expending considerable resources in determining German contract law and its application to this case. *See id.* at 802 (dismissal is appropriate "when the chosen forum would generate administrative and legal entanglements for the trial court."). In contrast, a German court—obviously expert in German law—would not need to exert energy above that ordinarily used to decide disputes. For these reasons, we find that the public interest factors also favor resolution of this case in Germany.

In sum, we hold that Germany would provide a more efficient and convenient litigation forum for this case: it constitutes an adequate alternative forum and both the public and private interest factors weigh in favor of litigation in Germany. Therefore, we grant Elbe and Sogerma's motion to dismiss for forum non conveniens.

### CONCLUSION

For these reasons, we deny Elbe and Sogerma's motions to dismiss for improper venue, but grant their motions to dismiss for forum non conveniens. The Clerk of the Court is instructed to enter final judgment, pursuant to Federal Rule of Civil Procedure 58, dismissing this lawsuit. Hull, however, retains the full right to litigate this lawsuit in Germany.

---

4. Furthermore, the public interest factors favoring this forum are counter-balanced by "the defendant's home forum['s] ... interest in providing a forum for redress for injuries caused by one of its citizens." *Id.* In other words, this forum's interest in protecting Hull is no greater than Germany's interest in regulating its citizen Elbe.