■ FIDUCIARY COMPANY, LTD., Appellant, v MICRO-THERAPEUTICS, INC., et al., Defendants, and STEVEN G. WEIL, Respondent. — Appeal from order of the Supreme Court, New York County (Hughes, J.), entered March 13, 1980, unanimously dismissed, without costs, without opinion. Order of the Supreme Court, New York County (Hughes, J.), entered July 2, 1980, which denied renewal and adhered to the original determination, dismissing the complaint as against the defendant Steven G. Weil and severing the action as against other defendants, reversed, on the law, the motion to dismiss the complaint against the defendant Weil denied, the complaint against him reinstated, and the severance vacated, without costs. It is apparent that plaintiff was a trustee who purchased the shares of stock in question for trust beneficiaries. As such, it had legal capacity to sue in its own name and was not required to join as party plaintiffs the persons for whose benefit the shares were held (CPLR 1004). Finally, the complaint against Weil was sufficient. Under the first cause of action for fraud, Weil need not have personally made the misrepresentations to plaintiff in order to make the claim actionable (24 NY Jur, Fraud and Deceit, § 17). It is sufficient if he made the misrepresentations through agents or representatives and authorized or intended those parties to repeat the statements to others. Under the second cause of action invoking the Martin Act (General Business Law, § 352-c) the allegations that Weil authorized the fraudulent representations are sufficient to establish a cause of action *(People v Federated Radio Corp.,* 244 NY 33; *Matter of Attorney-General of State of N. Y. [American Research Council — Darvas],* 10 NY2d 108, 111; *People v Lexington Sixty-First Assoc.,* 38 NY2d 588, 595). Concur — Murphy, P. J., Birns, Sandler and Fein, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm on the opinion of Mr. Justice Hughes at Special Term.