Paul RENOVITCH, Barbara Renovitch, Donald K. Johnson, Lawrence Wise, and the Willard E. Schafer Trust by Mrs. Esther Schafer, Trustee, on behalf of themselves and all purchasers of Securities issued by Intercontinental Cattle Corporation or Great Western Leasing Co., and sold by Stewardship Concepts, Inc., Plaintiffs,

v.

STEWARDSHIP CONCEPTS, INC., an Illinois corporation, Intercontinental Cattle Corporation, an Illinois corporation, High Test Dairy Management, a Michigan corporation, Dairy Reporting Service, Inc., an Illinois corporation, Robinson Dairy Farm, Ltd., a Michigan corporation, Douglas I. Gray, an Illinois resident, L. (Skip) Bunker, a Michigan resident, Tom Early, a Michigan resident, Phyllis Early, a Michigan resident, Earl Sageman, a Michigan resident, Susan Cowles, an Illinois resident, John Anderson, a Michigan resident, John Raczok, a Michigan resident, James Bussard, a Michigan resident, and Jay Kaufman, an Illinois resident, Defendants.

No. 84 C 7727.

United States District Court,
N.D. Illinois, E.D.

Jan. 30, 1987.

---

James E. Beckley, James E. Beckley & Assoc., Marsha A. Tolchin, Chicago, Ill., for plaintiffs.

Albert C. Maule, Hopkins & Sutter, Chicago, Ill., for Lester E. Bunker, Sr.

Lauren S. Rosenthal, Ronald L. Futterman, Hartunian Futterman & Howard, Chtd., Chicago, Ill., for defendants Tom Early and Phyllis Early.

Ronald J. Clark, Chicago, Ill., for John Anderson.

Terrence J. Goggin, Steven D. Pearson, Scott L. Carey, Goggin, Cutler & Hull, Chicago, Ill., for John Raczok.

Thomas L. Browne, Thomas P. McGarry, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for Jay Kaufman.

Richard H. Kane, Richard H. Kane & Assoc., Donald R. Brewer, Donald R. Brewer, Chtd., for Stewardship Concepts, High Test Dairy, Robinson Dairy Farm, L. (Skip) Bunker and Raczok.

David J. Parsons, Matkov Griffin Parsons Salzm & Madoff, Chicago, Ill., for James Bussard.

## MEMORANDUM

LEIGHTON, Senior District Judge.

This suit arises from an alleged investment scheme involving the leasing of dairy cattle. When an investor joined the investment program, defendants were to purchase cattle for that investor; the cattle were then placed on farms belonging to other defendants. The program eventually

turned sour; in some cases cattle were never purchased and the investor's funds were used to make payments to other investors. Some cattle were placed on a farm whose owners did not have the funds to support a dairy operation and as a result of the inadequate facilities, many of the cattle died or stopped producing milk. Finally, many of the cattle were sold for slaughter without plaintiffs' authorization and the proceeds used to make payments to other investors. This suit followed; plaintiffs have filed an eight-count complaint alleging, *inter alia*, violations of federal and state securities laws and common law fraud.

Two of the defendants, Jay Kaufman and James Bussard, who acted as counsel for some of the corporate defendants, now move to dismiss the counts remaining against them.[1] The general allegations against these defendants, which are incorporated by reference into each count of the complaint, are as follows.

### I

In 1982, defendant Bussard helped form defendant Intercontinental Cattle Corporation ("ICC") with two other defendants. He acted as counsel for ICC in connection with the offer and sale of dairy cattle to plaintiffs. Defendant Kaufman acted as counsel for Stewardship Concepts Incorporated ("SCI"), its president, Douglas Gray, and Great Western Leasing Corporation ("GW"). Initially SCI was in charge of marketing the investment program; in 1983, GW took over this function. Defendant Kaufman also incorporated Dairy Reporting Service, Inc., an inspection and reporting service responsible for reporting on certain investors' cows.

Brochures were prepared to market the program to investors. Bussard and Kaufman assisted in the preparation of and/or approved the brochures, which contained specific false and misleading statements. In 1983, Bussard, Kaufman and others were contacted by the States of Wisconsin and Michigan regarding the possibility that the program might involve the sale of unregistered securities. That same year, Kaufman issued a memorandum reaching the same conclusion.

As to the individual counts remaining against these defendants,[2] Count III alleges defendants, through misrepresentations, fraud and omissions of material fact, violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a, and Rule 10b–5 promulgated thereunder. Count V is brought under the Illinois Securities Act, Ill.Rev.Stat. ch. 121½, ¶ 137.1 *et seq.*, and alleges defendants aided and abetted in the sale of unregistered securities in violation of this Act. Count VII alleges defendants, in selling the securities, knowingly made misrepresentations of material fact in violation of §§ 339–a and 352–c of the New York General Business Law, N.Y.Gen. Bus.Law §§ 339–a, 352–c (McKinney 1968), and that defendants Bussard and Kaufman aided and abetted in the sales. Finally, Count VIII alleges common law fraud, claiming defendants fraudulently made material misrepresentations of fact, incorporating by reference the allegations described *supra*.

### II

In their motion to dismiss, defendants argue first that most plaintiffs' claims under Counts III and V, arising under federal and state securities laws respectively, are time barred. As to Count III, according to defendants, because section 10 of the 1934 Securities Act contains no express statute of limitations, the appropriate limitations period is determined by reference to state law; specifically, the Illinois Securities Act, Ill.Rev.Stat. ch. 121½, ¶ 137.13(D), which provides that no action may be brought after three years from the date of sale. Plaintiffs allege they purchased their interests in the program in November 1982,

---

**1.** Defendant Kaufman filed this motion to dismiss, defendant Bussard was granted leave to join in the motion.

**2.** A stipulation to dismiss Counts I, II, IV and VI was entered into by the parties on 12/5/86.

June 1983 and October 1983. Because Bussard and Kaufman were not named as defendants until August 25, 1986, they assert that all claims based on sales occurring prior to August 25, 1983 are time-barred.

As to Count V, based on the Illinois Securities Act, defendants argue that the plaintiffs named in that count, Renovitch and Johnson, admit in the complaint that they purchased their interests no later than June, 1983. Under the three-year statute of limitations described above, defendants assert the claim is time barred because plaintiffs failed to name them as defendants until more than three years later. In addition, defendants argue plaintiffs have failed to provide them with notice of their election to rescind as required by the statute. Finally, defendants assert that plaintiffs' only remedy under this statute is rescission, and any claim for money damages must be stricken.

Alternatively, defendants contend that Counts III and V fail to state a claim on which relief can be granted. As to Count III, defendants assert plaintiffs have not alleged any statement or act attributable to them. They contend they cannot be liable as aiders and abetters absent a duty to disclose, and there was no such duty here.

Next, defendants argue that Count VII, brought under New York's General Business Law, must fail. They contend that a civil remedy is available under these statutes only against those persons directly responsible for the misleading statements. Moreover, they assert plaintiffs must plead damages incurred in connection with a securities transaction, as well as proximate cause. They argue that damages for a private cause of action under § 352–c are limited to actual pecuniary loss, thus plaintiffs' claims for lost profits and punitive damages must be stricken. Finally, defendants argue that Count VIII, for common law fraud, must be dismissed because plaintiffs have alleged no specific untrue statements, acts, or omissions made by these defendants.

Plaintiffs oppose this motion, arguing first that their complaint states a claim with sufficient specificity to satisfy the requirements of Rule 9(b), Fed.R.Civ.P. Second, they argue that their claims under Counts III and V are not barred by the statute of limitations because of the tolling provision of ¶ 137.13(D), as well as the federal doctrine of equitable tolling. They assert that because they had no notice of any facts which would have led them to actual knowledge of defendants' violations prior to May, 1984, the limitations period was tolled until that time. Thus, according to plaintiffs, their amended complaint against these defendants filed in August 1986, is not time barred.

Moreover, plaintiffs insist that Count III adequately states a claim against defendants as aiders and abetters.[3] They argue the complaint alleges defendants knew of certain facts, and not simply that they failed to "blow the whistle" on other defendants. As to Count V, plaintiffs argue that because they gave statutory notice of their intent to rescind to the corporate defendants, they have met their condition precedent to recovery. They contend that the Illinois Securities Act is to be liberally construed, so this court should conclude defendants had notice.

In regard to Count VII, plaintiffs concede that under the New York General Business Law their damages are limited to the actual pecuniary loss sustained, but urge this court to imply a remedy for lost profits and punitive damages. Finally, plaintiffs assert Count VIII adequately states a claim for fraud.

In reply, defendants claim that plaintiffs rely on an amended statute of limitations in the Illinois Securities Act in regard to the tolling provisions applicable to their securities laws claims and that the amendment embodying these provisions was not effective until January 1, 1986. *See* Ill.Rev.

---

**3.** The exhibit attached by plaintiffs to their memorandum in opposition to defendants' motion to dismiss cannot be considered by the court in ruling on this motion. *Walker v. Gibson,* 604 F.Supp. 916, 925 (N.D.Ill.1985).

Stat. ch. 121½, ¶ 137.13(D). Moreover, they assert that courts have held repeatedly that such amendments should not be given retroactive effect. Finally, defendants argue that the doctrine of equitable tolling is inapplicable, since defendants have not been accused of fraudulently concealing their misconduct.

### III

In ruling on a motion to dismiss, the court must view the allegations in the complaint in the light most favorable to the plaintiff. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). This court cannot dismiss a complaint for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts entitling him to relief. *Id.* at 45–46, 78 S.Ct. at 101–102. With these admonitions in mind, the court turns to defendants' arguments.

### A. *Count III*

■ It is not disputed that because the federal statutes giving rise to plaintiffs' claim contains no express statute of limitations, this court must borrow the applicable statute of limitations from analogous state law. *See e.g., Andrews v. Heinold Commodities Inc.*, 771 F.2d 184, 186 (7th Cir. 1985). In Illinois, that period is the three-year period contained in the Illinois Securities laws. *Id.* The applicable section provides in pertinent part:

> [n]o action shall be brought for relief under this section ... after three years from the date of sale....

Ill.Rev.Stat. ch. 121½, ¶ 137.13(D). However, this section was amended in 1986, adding tolling provisions providing that the three-year limitations period begins to run when a plaintiff has either actual knowledge of the violation or notice of facts, which, in the exercise of reasonable care, would lead to actual knowledge.

■ Plaintiffs assert that this amendment is applicable to their claims. This court does not agree. Illinois courts have

consistently held that newly enacted statutes or amendments will not be applied retroactively absent an express statement from the legislature to that effect. *See e.g., Boldon v. Chiappa*, 140 Ill.App.3d 913, 918, 95 Ill.Dec. 54, 58, 489 N.E.2d 6, 10 (4th Dist.1986). Thus, the 1986 amendments adding the tolling provisions are not applicable to plaintiffs' claims. Under the provisions in effect when the sales took place, plaintiffs had three years from that time to file this action. Since the latest sale took place in October 1983, the claims of most plaintiffs against these defendants would be time barred.

■ However, under the doctrine of equitable tolling, two types of behavior can toll the statutory period. *Tomera v. Galt*, 511 F.2d 504, 510 (7th Cir.1975); *see also Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1004 (7th Cir.1984). The first is when the fraud goes undiscovered even though defendant did nothing to conceal it. *Tomera*, 511 F.2d at 510. In such instances plaintiff must exercise due diligence in attempting to discover the fraud. *Id.* In the second instance, the fraud remains undiscovered because defendant has taken steps to conceal it. *Id.*

■ The court concludes the complaint alleges sufficient facts, which, if proven, demonstrate that the actions of defendants were concealed from plaintiffs until at least April 1984. Plaintiffs allege certain reporting services, which sent investors reports on the condition of their cattle, reported their condition was good up until April 1984. Thus, plaintiffs allege they did not learn of the true condition of their investment until May 1984. The court concludes these paragraphs contain sufficient allegations of fraudulent concealment to toll the running of the statute of limitations until April 1984. Based on these allegations, the court cannot conclude that plaintiffs' claims against these defendants are time barred.[4]

---

4. Moreover, a motion to dismiss is usually not a proper vehicle for asserting a fact-based defense such as the statute of limitations. *Walker*, 604 F.Supp. at 920.

■ The question remains whether Count III adequately states a claim. Defendants rely on *Barker v. Henderson, Franklin, Starnes & Holt*, 797 F.2d 490 (7th Cir.1986), for the proposition that knowledge of a material omission cannot be a violation of § 10(b) or Rule 10b–5 absent a duty to disclose that arises from a fiduciary relationship outside the securities laws. *Id.* at 495–96. Because no such relationship existed here, defendants assert that as a matter of law, Count III fails to state a claim against them on a theory of aiding and abetting.

Defendants' reliance on *Barker* at this stage of the proceedings is misplaced. First, that case was decided on a motion for summary judgment, not a motion to dismiss. Second, the only allegations against defendants in that case were that they failed to disclose certain risks and failed to "blow the whistle" on their clients. *Id.* at 492. In addition, it was undisputed in *Barker* that defendants neither reviewed nor approved any of the materials used to sell the securities in question. *Id.* at 493.

By contrast, the instant case is before the court on a motion to dismiss, in which this court must accept as true all well pleaded allegations in the complaint. The complaint alleges these defendants in particular either assisted in the preparation of, and/or approved the statements made in the brochures used to sell the securities, which plaintiffs allege were false and misleading. *See* ¶¶ 42–44, Amended Complaint. It is further alleged that these defendants knew or should have known of the alleged misrepresentations. *Id.* at ¶ 46. Moreover, plaintiffs allege defendant Kaufman knew as early as December 1983 that the dairy cattle leasing program involved the sale of unregistered securities. These allegations are sufficient to state a claim. *Cf. Klein v. Computer Devices Inc.*, 602 F.Supp. 837, 842 (S.D.N.Y.1985) (comparing adequately pleaded § 10b claim). Taking the allegations as true, the court cannot conclude that no relief could be granted under any set of facts that could be proved consistent with plaintiffs' allegations. *Morgan v. Bank of Waukegan*, 804 F.2d 970, 973 (7th Cir.1986). Accordingly, defendants' motion to dismiss Count III is denied.

### B. *Count V*

■ It is well established that the only civil remedy provided by the Illinois Securities Act is rescission of the sale; courts have refused to imply a damage remedy. *See Guy v. Duff & Phelps Inc.*, 628 F.Supp. 252, 260–61 (N.D.Ill.1985); *Shofstall v. Allied Van Lines Inc.*, 455 F.Supp. 351, 358 (N.D.Ill.1978). In order for a purchaser to avail himself of this remedy, he must notify each person from whom recovery will be sought. *In re Van Dyke*, 731 F.2d 431, 434 (7th Cir.1984). Notice is provided by sending each person a registered letter within six months after the purchaser has knowledge that the sale is voidable. *Id.*

It is not disputed that plaintiffs never sent these defendants the required notice. However, plaintiffs ask this court to conclude defendants received the requisite notice because the defendant corporations for which these defendants acted as counsel, received the notice. The court cannot give the Illinois Securities laws the construction plaintiffs seek. It is beyond the power of this court to substitute a constructive notice requirement for the written notice requirement which the law provides is a prerequisite for rescission. Because plaintiffs have failed to give these defendants the written notice required by the Illinois Securities Act, Ill.Rev.Stat. ch. 121½, ¶ 137.-13(B), Count V must fail.

### C. *Count VII*

■ Under this count, brought under the New York General Business Law § 339–a and 352–c, plaintiffs again seek remedies that are not available to them. This act limits damages to actual pecuniary loss; *Herzfeld v. Laventhol, Krekstein, Horwath & Horwath*, 378 F.Supp. 112, 130 (S.D.N.Y.1974), *modified on other grounds*, 540 F.2d 27 (2d Cir.1976), and excludes punitive damages. *Gross v. Di-*

*versified Mortgage Investors,* 431 F.Supp. 1080, 1094 (S.D.N.Y.1977), *aff'd,* 636 F.2d 1201 (2d Cir.1980). Plaintiffs' claims for punitive damages and lost profits therefore must be stricken.

■ As to whether this count states a claim, a private plaintiff under this act must allege deception, materiality, reliance and proximate damage. *Shivero v. Amerco,* 670 F.2d 826, 832 (9th Cir.1982). Here, plaintiffs allege deceptions were contained in the brochures provided to plaintiffs, that these defendants assisted in the preparation of and/or approved the brochure, that plaintiffs relied on these representations, and were damaged by them. *See* ¶¶ 42–44, Amended Complaint. Allegations that a defendant authorized fraudulent representations are sufficient to state a claim under the act. *Fiduciary Co. Ltd. v. Micro-Therapeutics Inc.,* 83 A.D.2d 814, 442 N.Y.S.2d 58 (1981). In addition, § 352–c has been held to impose secondary liability for aiding and abetting a securities fraud. *Clute v. Davenport,* 584 F.Supp. 1562, 1575–80 (D.Conn.1984).[5] Based on these considerations, the court concludes Count VII is sufficient to state a claim under the New York General Business Law. Accordingly, the motion to dismiss Count VII is denied.

### D. *Count VIII*

■ It is well settled that under Rule 9(b), Fed.R.Civ.P., in order to state a claim for fraud, a plaintiff must describe the time, place, and contents of the false representation and the identity of the party making them. *See e.g., D & G Enterprises v. Continental Ill. Nat'l Bank,* 574 F.Supp. 263, 267 (N.D.Ill.1983). Moreover, when a complaint alleges a fraudulent scheme involving multiple defendants, it must inform each defendant of the specific fraudulent acts that are the basis of the action against him. *Bruss Co. v. Allnet Communication Services,* 606 F.Supp. 401, 405 (N.D.Ill.1985). However, Rule 9(b)

must be read in conjunction with Rule 8, requiring a short, plain statement showing the plaintiff is entitled to relief. Thus, even though a plaintiff is required to allege the specific acts of fraud with particularity, he need not plead detailed evidentiary matters. *Id.*

■ The court concludes that the complaint alleges fraud with sufficient particularity to withstand defendants' motion to dismiss. Specifically, ¶¶ 42–46, which are incorporated by reference into Count VIII, contain allegations of specific misrepresentations that appeared in the brochures provided to plaintiffs prior to their purchase; these defendants are alleged to have assisted in the preparation of and/or approved the brochures. Paragraphs 42 a–d set forth the contents of the alleged misrepresentations to plaintiffs and defendants involvement in the preparation of the brochures. The court therefore concludes that Count VIII alleges fraud with sufficient particularity. Accordingly, defendants' motion to dismiss Count VIII is denied.

In summary, defendants' motion to dismiss is denied as to Counts III, VII and VIII and granted as to Count V. In addition, the claims for punitive damages and lost profits in Count VII are stricken. This ruling is without prejudice to defendants' right to proceed at the appropriate time with a properly supported motion for summary judgment.

### IV

■ Also pending before the court is plaintiffs' motion to strike defendant Bussard's affirmative defenses as vague and insufficient as a matter of law. A motion to strike affirmative defenses should not be granted unless the defense is patently defective. *Bobbitt v. Victorian House Inc.,* 532 F.Supp. 734, 736 (N.D.Ill.1982) (citations omitted). Under Rule 8(a), Fed.R.

---

5. Although some courts have limited a private cause of action under this Act to those from whom a plaintiff purchased or to whom it sold securities, *see e.g., Kaufman v. Chase Manhattan Bank, N.A.,* 581 F.Supp. 350, 354–55 (S.D.N.Y. 1984), this view has recently been questioned. *See Whitbread (US) Holdings Inc. v. Baron Philippe de Rothschild, S.A.,* 630 F.Supp. 972, 985 (S.D.N.Y.1986).

Civ.P., an affirmative defense need only set forth a short and plain statement as to the nature of the defense. *Id.* at 737. Applying these principles, plaintiffs' motion to strike must be denied. Accordingly, plaintiffs' motion to strike the affirmative defenses are denied.

So ordered.