■ EUGENE O'NEIL et al., Appellants, v METROPOLITAN TRANSIT AUTHORITY et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* challenging a resolution adopted by the respondent Metropolitan Transit Authority (hereinafter MTA) on January 22, 1988, which eliminated designated smoking cars on the Long Island Railroad (hereinafter the LIRR) and the Metro-North Commuter Railroad Company (hereinafter Metro-North), effective February 15, 1988, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Ruskin, J.), dated March 14, 1988, which denied the relief sought and dismissed the proceeding on the merits.

Ordered that the order and judgment is affirmed, with costs.

In this proceeding, the petitioners, regular commuters on the LIRR and Metro-North, challenge the respondents' action eliminating designated smoking on the LIRR and Metro-North, effective February 15, 1988. The petitioners claim that the smoking ban constitutes administrative rulemaking, mandating compliance with constitutional and statutory notice and filing requirements (NY Const, art IV, § 8; Executive Law § 102; State Administrative Procedure Act § 202). The respondents maintain that they were not obligated to comply with rule-making requirements since the smoking ban did not constitute a rule. We agree.

Public Health Law § 1399-o, enacted by the Legislature in 1975, provides, in pertinent part, that "[i]t shall be unlawful for any person to smoke tobacco in any form in any public means of mass transportation". The penalties for noncompli-

ance with this section are contained in Public Health Law § 1399-p. While smoking is not precluded in designated smoking areas pursuant to Public Health Law § 1399-q, the designation of such areas is not mandatory under the statute.

Where the purpose of a statutory scheme is specific, as here, "all that is required * * * to effect [its] mandate * * * is conformity with the statutory language and policy * * * there is no constitutional compulsion * * * to translate the Legislature's standards into formal and detailed rules" *(Matter of Occidental Chem. Corp. v New York State Envtl. Facilities Corp.,* 113 AD2d 4, 6, *lv denied* 67 NY2d 604). Here, the conduct proscribed by Public Health Law § 1399-o is clear; it bans all forms of smoking on public transportation. In light of this clear statutory mandate, the eliminating of designated smoking cars did not constitute rulemaking *(see, Matter of Roman Catholic Diocese v New York State Dept. of Health,* 109 AD2d 140). Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.