■ ESTELLE NOWITZ, Respondent, v DAVID NOWITZ, Appellant. [830 NYS2d 756]—

In an action, inter alia, to rescind a trust agreement and a deed on the ground of fraud, the defendant appeals from a judgment of the Supreme Court, Queens County (Rosengarten, J.), dated January 12, 2005, which, upon a jury verdict, is in favor of the plaintiff and against him, among other things, rescinding the trust agreement and the deed. Justice Lifson has been substituted for former Justice Luciano (*see* 22 NYCRR 670.1 [c]).

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report in accordance herewith, and the appeal is held in abeyance in the interim. The Supreme Court is directed to file its report with all convenient speed.

The plaintiff sought to rescind an irrevocable trust agreement without the consent of the trustee. Pursuant to CPLR 1001 (a), persons who might be inequitably affected by a judgment in an action should be made a party thereto. Remainderpersons or beneficiaries of a trust constitute indispensable persons (*see McKnight v Bank of N.Y. & Trust Co.,* 254 NY 417, 421 [1930]; *Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801, 819 [2003], *cert denied* 540 US 1017 [2003]).

In the instant case, the remainderpersons have not been joined. Although the defendant did not raise the argument based on CPLR 1001 (a) before the trial court, "[t]he absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion" (*Migliore v Manzo,* 28 AD3d 620, 621 [2006]; *see Solomon v Solomon,* 136 AD2d 697 [1988]).

The Supreme Court did not take any testimony or consider any evidence on this issue. Therefore, we cannot determine from the record before us whether or not it was appropriate to proceed in the absence of the aforementioned remainderpersons or beneficiaries; whether or not they can or should be joined; and what is the appropriate remedy in the event that they can-

not be joined (*see* CPLR 1001 [b]). Accordingly, we remit this matter to the Supreme Court, Queens County, to hear and report on these issues (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals,* 5 NY3d 452, 459-461 [2005]). The appeal will be held in abeyance pending receipt of the Supreme Court's report.

Motion by the respondent to dismiss an appeal from a judgment of the Supreme Court, Queens County, dated January 12, 2005, and to strike the appellant's reply brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated July 31, 2006, that branch of the motion which was to dismiss the appeal was denied, and that branch of the motion which was to strike the appellant's reply brief was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to strike the appellant's reply brief is granted to the extent that the paragraph on page five of the reply brief beginning with the words "Perhaps most telling," and the associated footnote number 1, are deemed stricken and have not been considered in the determination of the appeal, and that branch of the motion is otherwise denied. Goldstein, J.P., Florio, Lifson and Lunn, JJ., concur.