■ ALEXIS I. DU PONT-DE BIE, SR., Appellant, v TREDEGAR TRUST COMPANY et al., Respondents, et al., Defendant. [877 NYS2d 331]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered January 3, 2008, which granted the motion and cross motion by defendants Joan de Bie and Tredegar Trust to dismiss the complaint on the ground that trust beneficiaries Joan and her son, Alexis Jr., were necessary parties over whom the court had no jurisdiction, and without whose presence the action should not proceed, unanimously affirmed, with costs.

None of the factors set forth in CPLR 1001 (b) warranted proceeding without the joinder of Joan and Alexis Jr. as necessary parties (*see Nowitz v Nowitz*, 37 AD3d 788 [2007]). First of all, plaintiff has an alternative forum for relief in Virginia, where issues pertaining to the trust have been litigated for over a decade. In its May 19, 2004 order, the Virginia court directed the parties to "undertake to settle all remaining issues pertinent to [Tredegar]'s prayer for aid and guidance not disposed of by this Order, including, without limitation, *undertaking to agree on a mutually acceptable division of the Trust into two parts*" (emphasis added), the very relief plaintiff seeks herein. By filing in New York, plaintiff subverted the authority of the Virginia court, which had agreed, in its 2004 order, to supervise settlement of the parties' remaining disputes relating to the trust, including the division of the trust into two parts.

Second, Joan and Alexis Jr. would be prejudiced if the New York action were to proceed in their absence. Because plaintiff has sought partition of his interest in the trust, his interests are not aligned with those of his ex-wife and son. They do not stand to benefit from the recovery of $10 million on account of alleged breaches of fiduciary duty by the trustee; the complaint makes clear that plaintiff seeks judgment restoring such losses "to the Plaintiff's partitioned trust," i.e., recovery of these sums would be for plaintiff's benefit only.

Third, plaintiff engaged in forum shopping by filing suit against Tredegar in New York. Plaintiff concedes that he sought to avoid litigating this case in Virginia, given that court's history of ruling "harshly" against his interest.

Fourth, it would not be feasible to fashion an appropriate protective order. As the motion court recognized, the parties have a "long and tortured history" in this matter, and the relief sought by plaintiff, i.e., partition of his interest in the trust, would subvert the terms of the settlement agreement.

Fifth, an effective judgment cannot be rendered in the absence of Joan and Alexis Jr. The fact that plaintiff has not asserted

any claims against them is of no moment, given that the relief he seeks would subvert the settlement agreement and, if he were to prevail, diminish the value of their interests in the trust.

In light of our ruling, it is unnecessary to address defendants' further arguments in support of dismissal.

Motion seeking leave to strike portions of reply brief denied. Concur—Gonzalez, P.J., Tom, Sweeny and Buckley, JJ.