■ ELLEN FAGAN, as Administrator of the Estate of ESTELLE NOWITZ, Also Known as ESTELLE B. NOWITZ, Deceased, Respondent, v DAVID NOWITZ, Appellant. [886 NYS2d 437]—

In an action, inter alia, to rescind a trust agreement and a deed on the ground of fraud, the defendant appeals from a judgment of the Supreme Court, Queens County (Rosengarten, J.), dated January 12, 2005, which, upon a jury verdict, is in favor of the plaintiff and against him, among other things, rescinding the trust agreement and the deed. By decision and order of this Court dated February 27, 2007, the matter was remitted to the

Supreme Court, Queens County, to hear and report on whether or not it was appropriate to proceed in the absence of the remainderpersons or beneficiaries, whether or not they can or should be joined, and what is the appropriate remedy in the event that they cannot be joined under CPLR 1001 (b), and the appeal was held in abeyance in the interim (*see Nowitz v Nowitz*, 37 AD3d 788 [2007]). The Supreme Court has now filed its report, and the parties have filed supplemental appendices and briefs. Justices Mastro, Dillon, and Miller have been substituted for former Justices Goldstein, Lifson and Lunn (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, with costs, and the action is dismissed.

The plaintiff's decedent (hereinafter the plaintiff) sought to rescind an irrevocable trust agreement without the consent of the defendant trustee. The plaintiff did not join certain remainderpersons and beneficiaries of the trust to the instant action. After a jury trial, the Supreme Court entered a judgment in favor of the plaintiff. The defendant appealed, contending, inter alia, that the matter had to be dismissed because the plaintiff had failed to join the remainderpersons and beneficiaries, who constituted necessary parties, and the statute of limitations applicable to the action had expired.

Upon remittal, the Supreme Court heard evidence regarding the failure to join the remainderpersons and beneficiaries. It found that two of the three charitable beneficiaries and one of the four remainderpersons waived any appearance on the matter. It concluded, in effect, that the failure to join the balance of the remainderpersons and charitable beneficiaries (hereinafter collectively the entities) was excusable in light of their failure to seek to intervene, since they all had notice of the action before it proceeded to trial. We disagree.

A court may excuse the failure to join a necessary party and allow an action to proceed in the interest of justice upon consideration of five factors enumerated in CPLR 1001 (b): (1) whether the petitioner has another remedy if the action is dismissed for nonjoinder, (2) the prejudice that may accrue from nonjoinder to the defendant or to the nonjoined party, (3) whether and by whom prejudice might have been avoided or may in the future be avoided, (4) the feasibility of a protective provision, and (5) whether an effective judgment may be rendered in the absence of the nonjoined party.

Here, as the defendant concedes, the first factor weighs in favor of excusing the plaintiff's failure to join the entities, since she has no other effective remedy. However, the Supreme Court

improvidently exercised its discretion in determining that the remaining four factors also weighed in favor of the proceeding continuing in the entities' absence. As to the second factor, the entities will suffer great prejudice if the matter proceeds in their absence and the trust at issue is rescinded, as it was in the judgment appealed from. As to the third factor, the plaintiff easily could have avoided the prejudice to the entities by having timely joined the entities as defendants. Moreover, although the entities could have avoided any prejudice by voluntarily intervening in the action, such a fact is outweighed by the plaintiff's failure to set forth any reasonable excuse for her failure to timely join them (see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 49 AD3d 749, 752 [2008]; Matter of Solid Waste Servs., Inc. v New York City Dept. of Envtl. Protection, 29 AD3d 318, 319 [2006]). As to the fourth factor, the Supreme Court allowed the matter to proceed to trial in the absence of the entities, resulting in the rescission of the trust. Thus, this factor also weighs against proceeding in the entities' absence, as under such circumstances, no protective provision is feasible since rescission of the trust directly affects the entities' economic interests. Finally, the fifth factor also weighs against proceeding in the entities' absence, as it is questionable whether an effective judgment may be rendered without their participation in the action.

Accordingly, considering each of the five factors enumerated in CPLR 1001 (b), and given our conclusion that the entities are indispensable parties (see Nowitz v Nowitz, 37 AD3d 788 [2007]), and in light of the fact that the applicable statute of limitations has expired (see CPLR 213 [8]), the action must be dismissed (see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 49 AD3d 749, 752 [2008]; Nixon v Barrow, 239 AD2d 326 [1997]). Mastro, J.P., Dillon, Florio and Miller, JJ., concur.