▉ David Russell Georgius, as Trustee of the Georgius Family Trust, Appellant, v Village of Morrisville et al., Respondents. (And a Third-Party Action.) [934 NYS2d 357]—

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Rose, J. ▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Plaintiff, as trustee of the Georgius Family Trust, commenced this action alleging that defendants damaged property owned by the trust while installing a sewer system. After plaintiff's wife, Elizabeth Hughes, was disqualified from acting as his attorney due to a conflict of interest (83 AD3d 1158 [2011]), plaintiff sought to join her as a necessary party. Supreme Court denied the motion, plaintiff appeals and we affirm.

Hughes' status as a cotrustee and cobeneficiary of the trust does not make her a necessary party here (*see* CPLR 1001 [a]). While trustees are generally required to act together, an exception exists in this case as the trust instrument expressly provides that trustees may "act individually to bind the Trust in all matters" (*see Matter of Luckenbach*, 303 NY 491, 496 [1952]). Furthermore, Hughes' status as a cobeneficiary does not require joinder because there is no internal dispute between trustees and beneficiaries (*cf. McKnight v Bank of N.Y. & Trust*

Co., 254 NY 417, 421 [1930]; *Nowitz v Nowitz*, 37 AD3d 788, 788 [2007]), and plaintiff, as trustee, may properly sue on behalf of the trust without joining the beneficiaries (*see* CPLR 1004; *Fiduciary Co. v Micro-Therapeutics, Inc.*, 83 AD2d 814 [1981]; *see also Jackson v Tallmadge*, 246 NY 133, 139 [1927]). Thus, Supreme Court properly denied the motion.

Spain, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.