OPINION OF THE COURT
Patrick J. McGrath, J.
In this CPLR article 78 proceeding, petitioner seeks a judgment annulling and setting aside respondent’s August 30, 2011 determination denying petitioner’s application for her ex-husband’s death benefits. Respondent opposes the petition and petitioner has submitted a reply.
Petitioner’s ex-husband (the member) was a member of the New York State and Local Employees’ Retirement System. During the member’s Retirement System membership, he completed three forms designating beneficiaries for his death benefit. The *870 most recent beneficiary designation filed by the member is the designation form on his May 14, 1992 application for membership in the Retirement System. On this form he designated petitioner as primary beneficiary and his parents as contingent beneficiaries. This is the last designation of beneficiary form the member filed with the Retirement System prior to his passing away on October 20, 2009. On August 30, 1999 the member and petitioner entered into a separation agreement which resulted in a final divorce decree signed on May 28, 2004. In article 4 of the separation agreement, the member and petitioner agreed to sever their rights in each other’s estates and particularized their mutual waivers by stating,
“(1) Each of the parties has been, during the course of the marriage, and is now, a participant in the New York State pension plan. (2) Each party hereby waives any claim in and to the pension of the other. Each pension shall hereafter be the sole and separate property of the respective parties and each waives his or her claim to any and all other rights, including survivor benefits.”
Before the member passed away, EPTL 5-1.4 was amended by a matrimonial law, chapter 173, § 1 of the Laws of 2008, to include the following:
“Revocatory effect of divorce, annulment or declaration of nullity, or dissolution of marriage on disposition, appointment, provision, or nomination regarding a former spouse
“(a) Except as provided by the express terms of a governing instrument, a divorce (including a judicial separation as defined in subparagraph (f)(2)) or annulment of a marriage revokes any revocable (1) disposition or appointment of property made by a divorced individual to, or for the benefit of, the former spouse, including, but not limited to, a disposition or appointment by will, by security registration in beneficiary form (TOD), by beneficiary designation in a life insurance policy or (to the extent permitted by law) in a pension or retirement benefits plan, or by revocable trust, including a bank account in trust form, (2) provision conferring a power of appointment or power of disposition on the former spouse, and (3) nomination of the former spouse to serve in any fiduciary or representative capacity, including as a personal representative, *871 executor, trustee, conservator, guardian, agent, or attorney-in-fact.
“(b)(1) Provisions of a governing instrument are given effect as if the former spouse had predeceased the divorced individual as of the time of the revocation.
“(2) A disposition, appointment, provision, or nomination revoked solely by this section shall be revived by the divorced individual’s remarriage to the former spouse.”
Laws of 2008, chapter 173, § 2 provides as follows:
“This act shall take effect immediately and shall apply only where the marriage of a person executing a disposition, appointment, provision or nomination in a governing instrument, as defined in EPTL 5-1.4(f)(5), such section as added by section one of this act, to or for the benefit of a former spouse ends in a divorce or annulment, as defined in EPTL 5-1.4(f)(2), on or after such effective date or, where such a marriage ends prior to such effective date, only where such a disposition, appointment, provision or nomination takes effect only at the death of the person who executes it and such person dies on or after the effective date of this act.” (Emphasis added.)
At the administrative hearing below, petitioner alleged that she was the named beneficiary of the member’s death benefits on file with respondent and that she was entitled to the member’s death benefits. In opposition, the executrix of the member’s estate argued that EPTL 5-1.4 revoked the designation of petitioner’s entitlement to the member’s death benefit. A hearing was held on November 22, 2010. On June 2, 2011, Administrative Law Judge Herbert R. Johnston, Jr. denied petitioner’s application. On August 30, 2011, the determination was adopted by Executive Deputy Comptroller Kevin E Murray for respondent, who determined and directed that petitioner’s application for the member’s death benefits be denied.
Petitioner now asserts that the respondent’s application of Estates, Powers and Trusts Law § 5-1.4 was arbitrary and capricious as it “abrogates existing contracts” as well as respondent’s own mandate to pay death benefits to the duly named beneficiary. She claims there is no basis in law to apply the EPTL “retroactively,” as the statute contains no express language allowing such application, and that retroactive application is gen *872 erally disfavored by New York courts. Additionally, she claims that respondent failed to give members notice that it was “substituting a new law for prior law.”
Further, petitioner argues that respondent’s application of EPTL 5-1.4 violates the New York State Administrative Procedure Act because respondent did not file a State Administrative Procedure Act notice preceding its interpretation of EPTL 5-1.4 and its application to the payment of death benefits.
Petitioner also argues that the United States Supreme Court has determined that paying a beneficiary pursuant to an automatic divorce revocation statute instead of a designation conflicted with the goals of an ERISA plan, but also concedes that the pension at issue is not an ERISA plan.
Finally, she alleges that the Administrative Law Judge below was biased, noting that the Administrative Law Judge has decided 42 out of 45 cases assigned to him by respondent in respondent’s favor, and that this constitutes a “presumptive bias.”
Respondent first argues that the petition must be dismissed for petitioner’s failure to join a necessary party, specifically, the beneficiary of the member’s death benefit. A party whose interests may be inequitably affected by a judgment must be made a party to the action. (See CPLR 1001 [a].) This rule applies to CPLR article 78 proceedings. (See Matter of Dudley v Kerwick, 52 NY2d 542, 547, 552 [1981].) If a person who should be made a party was not, the court may simply order joinder (CPLR 1001 [b]) or it may allow the case to proceed without the necessary party. In this case, the court agrees with respondent that the beneficiary would be a necessary party, but the proper remedy would be to order joinder rather than dismiss the case. As such, the motion to dismiss on these grounds is denied.
Turning to the merits, respondent argues, and the court agrees, that EPTL 5-1.4 directed its actions. Respondent argues that the unambiguous language provided by the statute leaves no question as to the legislative intent that this law applies to petitioner’s set of circumstances. While the member designated petitioner as a beneficiary and was divorced from petitioner prior to the enactment of chapter 173, the member passed away following its creation. (“This act shall take effect immediately ... or, where such a marriage ends prior to such effective date, only where such a disposition, appointment, provision or nomination takes effect only at the death of the person who *873 executes it and such person dies on or after the effective date of this act” [L 2008, ch 173, § 2].) As the law, by its own terms, applies to all deaths on or after July 7, 2008, petitioner’s claim has no merit.
The court also agrees that respondent was not required to give notice mandated by the State Administrative Procedure Act and the New York State Constitution. Article IV § 8 óf the New York State Constitution provides that
“[n]o rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations by appropriate laws.”
It is well settled that “only a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme . . . constitutes a rule or regulation required by NY Constitution, article IV § 8 to be filed in the office of the Department of State.” (Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health, 66 NY2d 948, 951 [1985].) Where the purpose of a statutory scheme is specific, as here, all that is required to effect its mandate is conformity with the statutory language and policy. There is no constitutional compulsion to translate the legislature’s standards into formal and detailed rules. (Matter of Occidental Chem. Corp. v New York State Envtl. Facilities Corp., 113 AD2d 4, 6 [1985], lv denied 67 NY2d 604 [1986]; O’Neil v Metropolitan Tr. Auth., 143 AD2d 739 [2d Dept 1988]; Matter of Richard I v Ambach, 61 NY2d 784 [1984].) In this case there was no need for a “rule,” since EPTL 5-4.1 prescribes by law that the death benefit in question was revoked upon the dissolution of the member’s marriage to petitioner. EPTL 5-4.1 is self-implementing.
Respondent notes that petitioner has cited the internal policy and procedure enacted by respondent following the enactment of chapter 173, but it is apparent that those documents are internal memoranda meant to explain how respondent’s employees should proceed under the newly enacted law. The memoranda rely on existing regulations and laws for their stated conclusions. They thus are interpretive and fall within the exception provided in the State Administrative Procedure Act. *874 (See State Administrative Procedure Act § 102 [2] [b] [iv]; Matter of Rubin v New York State Educ. Dept., 210 AD2d 550, 552 [1994]; see also Matter of Town of Middletown v State Bd. of Real Prop. Servs., 272 AD2d 657, 660 [2000]; Matter of Burns v New York State Off. of Vocational & Educ. Servs. for Individuals with Disabilities, 233 AD2d 781, 782-783 [1996], lv dismissed 89 NY2d 1002 [1997].)
With respect to petitioner’s claim of bias, the court agrees with respondent that she has failed to “set forth a factual demonstration supporting the allegation as well as prove that the administrative outcome flowed from it.” (Matter of Sunnen v Administrative Rev. Bd. for Professional Med. Conduct, 244 AD2d 790, 791 [1997], lv denied 92 NY2d 802 [1998] [citations omitted]; see Matter of Moss v Chassin, 209 AD2d 889, 890 [1994] , lv denied 85 NY2d 805 [1995], cert denied 516 US 861 [1995] .)
For all of the foregoing reasons, the petition is dismissed.