■ In the Matter of MAUREEN J. MCCAULEY, Appellant, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [977 NYS2d 483]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (McGrath, J.), entered August 23, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of the Comptroller denying petitioner's request for decedent's retirement death benefit.

At all times relevant to this proceeding, Richard Ely (hereinafter decedent) was employed by the Division of Criminal Justice Services and was a member of respondent, the New York State and Local Employees' Retirement System. During the course of such membership, decedent filed three death benefit designation forms—most recently in May 1992—denominating petitioner, his wife (who also was a participant in a state retirement plan), as his beneficiary. In 1999, petitioner and decedent entered into a separation agreement, pursuant to the terms of which each waived any claim to, among other things, the other's survivorship benefits. That agreement, in turn, was incorporated but not merged into their 2004 judgment of divorce.

Following decedent's death in 2009, respondent notified petitioner that, in light of certain amendments to EPTL 5-1.4, she was no longer entitled to decedent's death benefit. Petitioner requested a hearing, at the conclusion of which the Hearing Officer upheld respondent's denial of the death benefit to petitioner. Inasmuch as decedent's contingent beneficiaries had predeceased him, the Hearing Officer found that decedent's estate, which was represented by counsel at the hearing, was entitled to his death benefit. The Comptroller thereafter adopted the Hearing Officer's findings and recommendations, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination. Respondent answered, noting petitioner's failure to join decedent's estate as a necessary party. Supreme Court dismissed the petition on the merits, and this appeal by petitioner ensued.

Inasmuch as petitioner and decedent's estate each are claiming entitlement to decedent's death benefit, there is no question that the estate is a necessary party (see CPLR 1001 [a]; Matter of Estate of Prospect v New York State Teachers' Retirement Sys., 13 AD3d 699, 700 [2004]; compare Georgius v Village of Morrisville, 90 AD3d 1256, 1256 [2011]; Matter of Hutton Devs. v 346-364 Washington Ave. Corp., 17 AD3d 977, 978 [2005]).

Indeed, Supreme Court recognized as much—concluding that joinder of the estate would be a more appropriate remedy than outright dismissal of the proceeding. Despite that conclusion, the record does not reflect that Supreme Court ordered the estate to be summoned or that the estate otherwise was joined as a party (*see* CPLR 1001 [b]). Accordingly, this matter is remitted to Supreme Court to order the estate to be joined if it is subject to the jurisdiction of the court or, if not, to permit the estate's joinder "by stipulation, motion or otherwise" (*Matter of Smith v New York State Off. of the Attorney Gen.*, 110 AD3d 1201, 1205 [2013]) and, if joinder cannot be effectuated, for Supreme Court to ascertain whether this proceeding should be permitted to go forward in the absence of a necessary party (*see* CPLR 1001 [b]; *Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 726-727 [2008]; *Matter of Smith v New York State Off. of the Attorney Gen.*, 110 AD3d at 1204-1205).

Rose, J.P., McCarthy and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. **[Prior Case History: 37 Misc 3d 868.]**